■ METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents, v J.T. FALK & COMPANY et al., Appellants, et al., Defendant. [696 NYS2d 148] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered June 15, 1998, which, upon the denial of defendants-appellants' renewed motions to vacate a prior order of the same court and Justice, entered on their default, striking their answers, declared, *inter alia*, that defendants-appellants were obligated to defend and indemnify plaintiffs Metropolitan Life Insurance Company and Lehrer McGovern Construction Corporation in the underlying personal injury action, unanimously affirmed, with costs.

The motion court properly denied defendants-appellants' motions to open their default since their motions were not supported by any affidavit of merit alleging evidentiary facts supportive of their proposed defenses by an individual with personal knowledge of those facts (*see, Fergus v Brooklyn Law School*, 245 AD2d 62). We note, in any case, that had the merits of the motion been reached, plaintiffs' motions to strike defendants-appellants' answers would have been properly granted. Defendants' evasive and dilatory conduct in this litigation, in which they failed to comply with court-ordered discovery, refused to disclose relevant insurance policies despite repeated demands for the same, and failed to set forth any facts in evidentiary form to demonstrate merit to their claim that they had no obligation to defend and indemnify, would constitute willful, deliberate and contumacious conduct warranting the relief granted. Finally, while affirming the order and judgment appealed, we note that its language requiring defendant-appellant insurers to defend and indemnify plaintiffs Metropolitan Life and Leher McGovern "completely" in the underlying personal injury action does not affect defendant-appellant insurers' rights vis-à-vis other insurers, nor, as conceded on oral argument, does it supersede the primary/excess provisions of the policies governing the respective obligations of appellants. Concur—Ellerin, P. J., Rosenberger, Tom and Lerner, JJ.