■ Yong Gon Cha et al., Plaintiffs, v Warwick Hotel et al., Defendants. Silver Autumn Hotel, Doing Business as Warwick Hotel, Third-Party Plaintiff-Respondent, v Pung San Construction Corp., Third-Party Defendant-Appellant. [707 NYS2d 428] —Order, Supreme Court, New York County (Emily Goodman, J.), entered August 3, 1999, which, in an action by a laborer under Labor Law § 240 (1) for personal injuries, denied the motion of third-party defendant, plaintiff's employer, to vacate a prior order, entered on or about April 15, 1999, *sua sponte striking its answer, upon its failure to appear* at a "compliance conference," for noncompliance with the court's compliance conference orders of December 17, 1998 and February 25, 1999 and preliminary conference order of October 15, 1998, and sanctioning its attorneys $500 payable to the Client Security Fund, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 15, 1999 unanimously dismissed, without costs, as taken from a nonappealable paper.

Third-party defendant's motion to vacate the April 15, 1999 order, striking its answer and sanctioning its attorneys upon its failure to appear at a third compliance conference, was properly denied for failure to show a reasonable excuse for such failure to appear, or for its failure to appear at the second compliance conference that ended with an order conditionally striking its answer if the disclosure first directed in the preliminary conference order was not provided within 30 days, or for its failure to provide such disclosure. If, as asserted in third-party defendant's brief, its attorney inadvertently failed to make a record of the scheduling of the second compliance conference in her date book, it remains unexplained why third-party defendant did not produce a witness for deposition on the dates directed in the preliminary conference order and first compliance conference order. Nor can there be a claim of nonreceipt of the conditional order where there is not only proof of service thereof provided by a properly executed affidavit of service by mailing (*see, Matter of Aetna Life & Cas. Co. v Walker*, 255 AD2d 381) but also proof of receipt provided by a certified mailing return receipt card bearing the attorney's of-

fice stamp. In view of the pronounced pattern of noncompliance with court orders, third-party defendant's claim of law office failure is also unacceptable (*see, Forum Ins. Co. v Judd*, 191 AD2d 230), and the extreme sanction of striking its answer was justified (*see, Metropolitan Life Ins. Co. v Falk & Co.*, 265 AD2d 203). In any event, third-party defendant does not show a meritorious defense to, or even address, defendant's claim for contractual indemnification (*see, Goncalves v Stuyvesant Dev. Assocs.*, 232 AD2d 275; *Acosta v Green Mgt. Corp.*, 267 AD2d 67). Third-party defendant's points challenging the $500 sanction are improperly raised for the first time on appeal. The April 15, 1999 order striking third-party defendant's answer upon its failure to appear at a compliance conference is nonappealable (CPLR 5511), and we accordingly dismiss the appeal therefrom. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ.