AMERICAN AUDIO SERVICE BUREAU INC., Appellant, v AT & T CORP., Respondent. [823 NYS2d 25]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 11, 2005, which, to the extent appealable, denied plaintiff's motion for renewal with respect to an earlier order dismissing plaintiff's cause of action in contract and limiting its damages to $50,000, unanimously affirmed, without costs. Order, same court and Justice, entered March 15, 2005, which denied plaintiff's motion to vacate an earlier order dismissing the remainder of the complaint, unanimously reversed, on the law, without costs, the motion granted and the remainder of the complaint reinstated.

Plaintiff American Audio Service Bureau is a company that provides transmission services for content providers through pay-per-call or "900" services. Between 1992 and 2002, plaintiff entered into numerous successive billing service agreements (BSAs) with defendant (AT & T), whereby defendant billed customers who called the 900 numbers and then passed on the

payments less its fees to plaintiff. If a customer failed to make full payment to defendant, defendant would "charge back" plaintiff for the unpaid amount.

Sometime in 2002, plaintiff received a statement from defendant indicating that plaintiff had a negative balance of $45,163.05, and learned that this was due to the fact that certain individual customers had built up excessive charges that were uncollectible. For example, one customer incurred charges in excess of $160,000. Plaintiff also learned that defendant did not monitor or block customers who carried excessive balances (abusive callers), but merely passed the losses on to plaintiff.

In February 2003, plaintiff commenced this action by service of an amended complaint seeking damages in excess of $4 million. It alleged that, by failing to block access to the 900 numbers for those customers with excessive unpaid balances, defendant had breached the contract, the covenant of good faith and its fiduciary duty, and had been grossly negligent. In lieu of an answer, defendant moved to dismiss the complaint pursuant to CPLR 3211. Defendant included documentary evidence in the form of a BSA, which contained a statement that defendant's liability for any damages caused by its performance under the agreement was limited to $50,000. The BSA also contained the following language: "[Defendant] reserves the right to block access to all AT & T 900 numbers from the telephone stations of any Caller who, in AT & T's sole discretion, is carrying an excessive unpaid balance of charges for calls made to Programs billed by AT & T, or appears to be engaged in any fraudulent or abusive practice."

By order entered October 18, 2004, the court dismissed plaintiff's breach of contract claim, on the ground that the "sole discretion" language in the BSA gave defendant the right to block calls but did not impose a duty to do so. It found, however, that the question of whether defendant's inaction constituted a breach of the implied covenant of good faith and fair dealing was a "subtler" issue, and that plaintiff had stated a claim in this regard by alleging that defendant had done nothing to aid collection other than billing the clients. The court also found that the breach of fiduciary duty and gross negligence claims were viable in light of defendant's acknowledgment that it had a fiduciary relationship with plaintiff. The court also found, based on the documentary evidence produced by defendant, that all claims arising from calls made after November 19, 2000 were time-barred, and that a $50,000 contractual limit on damages applied.

On November 24, 2004, plaintiff moved for renewal and rear-

gument of the motion resulting in the court's October 18, 2004 order. It purported to present new facts found in two documents which plaintiff acknowledged having in its possession, but whose contents were not known at the time of the prior motion. Plaintiff argued that these documents, a 1992 form letter and a settlement and release for $194,000, proved that there was no $50,000 limitation on defendant's liability, and that plaintiff had reasonably relied on defendant's representation that it was in fact blocking abusive callers.

The court denied plaintiff's motion to renew, ruling that plaintiff had not articulated a legal justification to renew. Denial of reargument is not appealable and is not before us.

On or about January 26, 2005, defense counsel learned that the court had scheduled a status conference for the next day, January 27, 2005. When plaintiff's counsel failed to appear at the conference, the court's law secretary adjourned the conference to January 31, 2005. She directed defense counsel to advise plaintiff's counsel that if he failed to appear, defendant would move to dismiss. When plaintiff's counsel failed to appear on January 31, 2005, defendant's motion to dismiss the action was granted by the court.

On February 23, 2005, plaintiff moved by order to show cause to vacate the court's January 31, 2005 order. The court declined to vacate the dismissal of the complaint, observing that there was a pattern of noncompliance on plaintiff's part.

On April 7, 2005, plaintiff filed two notices of appeal; one appeals the denial of plaintiff's motion to vacate the order of January 31, 2005 dismissing the complaint; the second appeals the denial of plaintiff's motion to renew and for reconsideration of the court's order of October 18, 2004, which dismissed plaintiff's breach of contract cause of action and imposed a $50,000 contractual limitation on damages.

At the outset we note that there is no pending appeal from the underlying order of October 18, 2004, which dismissed plaintiff's breach of contract cause of action. Consequently, we do not address the substance of the underlying order as to whether the court properly dismissed the cause of action alleging breach of contract for defendant's failure to block abusive callers.

We also note that even though both plaintiff and defendant argue the issue of whether the court properly denied plaintiff's motion to reargue, an order denying reargument is nonappealable (*Bell v Toothsavers, Inc.*, 213 AD2d 199, 200 [1995]).

For the reasons set forth below we affirm the court's order

denying the motion to renew, and reverse the order denying plaintiff's motion to vacate dismissal of the remainder of the complaint.

Pursuant to CPLR 2221 (e) (2) and (3), a motion to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion." Plaintiff stated that new facts were contained in two documents it had not previously located among its voluminous files. The first document was a form letter, dated August 25, 1992, in which defendant advised plaintiff that it was helping to improve its cash flow through an initiative of "[b]locking abusive callers within our network." The second was a previous settlement and release between the parties in the amount of $194,000. Plaintiff also noted that it had entered into a separate BSA for every individual 900 number it serviced, approximately 110 in all, and that the limitation figure on them varied from $50,000 to $100,000, and some had no limit at all.

We need not determine whether the asserted new facts would change the prior determination as plaintiff failed to exercise "due diligence in making [its] first factual presentation" (*see Chelsea Piers Mgt. v Forest Elec. Corp.*, 281 AD2d 252 [2001], citing *Rubinstein v Goldman*, 225 AD2d 328 [1996], *lv denied* 88 NY2d 815 [1996]). Plaintiff's explanation that the documents were overlooked because the files are voluminous is simply not a reasonable justification.

The motion to vacate the dismissal pursuant to the January 31, 2005 order should have been granted by the court in light of the strong public policy of this State to dispose of cases on their merits (*see Dokmecian v ABN AMRO N. Am.*, 304 AD2d 445 [2003]; *Harwood v Chaliha*, 291 AD2d 234 [2002]; *Mediavilla v Gurman*, 272 AD2d 146 [2000]). In this case, the court made clear that its grant of defendant's dismissal motion was based not only on plaintiff's failure to appear at the conference, but also on the history of the case.

The record, however, does not demonstrate a pattern of delay that would justify dismissal of plaintiff's case. The parties entered into a preliminary conference order on March 2, 2004, and defendant served his first discovery demands later that month, to which plaintiff did not fully respond until December 2004. However, at the time of these demands, defendant had

not yet served an answer.[1] Further, defendant's first motion to dismiss remained pending until October 2004, and plaintiff's counsel argued that his client was reluctant to spend money answering discovery requests before it knew whether it had a viable cause of action. It is undisputed that, at the time the case was dismissed, the only discovery remaining was the taking of depositions, and that plaintiff was in compliance with all discovery directives, and had in fact produced a witness for deposition on February 1, 2005. The delay, therefore, was not so egregious as to warrant dismissal of plaintiff's case.

Three weeks before it dismissed the case, the court, denying defendant's previous move for dismissal, found that neither plaintiff's performance nor the merits of the case warranted granting defendant's motion to dismiss for noncompliance.[2] The only thing that occurred thereafter is that plaintiff missed the status conference, and this simply was an insufficient basis for a finding of a pattern of delay, and thus for dismissal (*see Travelers Ins. Co. v Abelow*, 14 AD3d 395 [2005]; *Jones v New York City Tr. Auth.*, 293 AD2d 322 [2002]; cf. *Yong Gon Cha v Warwick Hotel*, 272 AD2d 154 [2000]; *Telep v Republic El. Corp.*, 267 AD2d 57, 58 [1999]; *and Fink Weinberger v Rosenkrantz*, 252 AD2d 368 [1998]). Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.

1. It is not apparent from the record when the answer was served, but the court's October 18, 2004 order directs defendant to serve it upon receipt of the second amended complaint.

2. Defendant previously moved in November 2004 to dismiss the complaint pursuant to CPLR 3126 (3), on the ground that plaintiff had failed to comply with its discovery requests. The court denied this motion on January 4, 2005.