Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered August 29, 2007, which, in an action for personal injuries sustained in a trip and fall on defendant premises owner’s grounds, granted plaintiffs motion to reargue and renew a prior order, same court and Justice, entered January 16, 2007, granting defendant’s motion for summary judgment dismissing the complaint, and, upon reargument and renewal, denied defendant’s motion for summary judgment, unanimously reversed, on the law, without costs, reargument and renewal denied and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.
Defendant’s motion for summary judgment was based on evidence that it regularly inspects its grounds for dangerous conditions, including broken keep-off-the-grass signs, and did not have notice of an object that, as described by plaintiff in her deposition, “looked like a pipe” with jagged and rusty edges, and was “firmly embedded” in and diagonally “sticking out of the ground” in such a way as to be “camouflaged” and unnoticeable. In opposition, plaintiff submitted the affidavits of two persons stating that a “prominent and obviously dangerous” “broken metal sign pole” had been “protruding from the grass” for a period of five years before the accident. The motion court granted defendant summary judgment, observing that the affidavits of plaintiffs notice witnesses described an object different from the object described by plaintiff at her deposition. In support of reargument, plaintiff’s attorney argued, in effect, that the court should have realized that the camouflaged, pipe- *358 like object described by plaintiff, and the prominent, obviously dangerous, broken sign pole described by her notice witnesses, were one and the same. In support of renewal, plaintiff submitted affidavits of herself and the individual who was with her when she fell, to the effect that the object she tripped over was a protruding metal pole that was obscured by overgrown grass, and was therefore invisible to plaintiff. The motion court apparently granted both reargument and renewal with the single finding that “the issue of whether Defendant properly inspected its premises and should have discovered a defect that may or may not have been visible is a question of fact appropriate for a jury.” Neither reargument nor renewal should have been granted. The original motion was granted because, in opposition thereto, plaintiffs witnesses described an object that, the motion court found, was different from the object plaintiff allegedly tripped over. In support of reargument, plaintiffs attorney pointed to nothing in the record that was overlooked by the court or that indicated that the objects described by plaintiff and her notice witnesses were the same. Nor should renewal have been granted absent explanations why the evidence that the broken sign pole was so overgrown with grass as to be invisible had not been presented on the original motion, and why this purported new evidence was inconsistent with the statements of plaintiffs notice witnesses that the pole was a prominent and obvious danger (CPLR 2221 [e]; see Rubinstein v Goldman, 225 AD2d 328, 328-329 [1996], lv denied 88 NY2d 815 [1996] [reargument does not provide opportunity to advance arguments different from those made on original motion, and renewal is not a second chance freely given to parties who did not exercise due diligence in making their first factual presentation]; American Audio Serv. Bur. Inc. v AT & T Corp., 33 AD3d 473, 476 [2006] [no need to determine whether asserted new facts would change prior determination where due diligence not exercised on first factual presentation]; Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [2000] [no issue of fact raised by self-serving affidavits that contradict earlier deposition testimony and were clearly tailored to avoid the consequences of earlier testimony]). Concur—Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.