Order, Supreme Court, New York County (O. Feter Sherwood, J.), entered August 3, 2012, which granted plaintiff Abu Dhabi Commercial Bank, EJ.S.C.’s (ADCB) motion for leave to renew and, upon renewal, adhered to a prior determination granting defendants Credit Suisse Securities (USA) LLC and Credit Suisse International’s (Credit Suisse) motion to dismiss the claims for fraud, fraudulent inducement, and fraudulent concealment pursuant to CFLR 3211 (a) (1) and (7), unanimously affirmed, with costs.
Flaintiff ADCB alleges that defendant Credit Suisse fraudulently induced it to enter into a restructuring transaction, causing it to lose a substantial portion of its original $40 million investment and face additional potential liability in excess of its investment. In a prior determination, Supreme Court dismissed the fraud claim on the ground that the allegations of misrepresentation and justifiable reliance are undermined by the warnings of risks and disclaimers in the selling and transaction documents. In seeking leave to renew, ADCB relies on documents produced by a nonparty, purportedly showing that Credit Suisse engaged in self-dealing in executing the restructuring transaction, and criminal indictments and a civil complaint in federal proceedings against several Credit Suisse bankers who allegedly engaged in a massive scheme involving mismarking and mispricing of assets similar to those involved in the restructuring transaction here.
A motion for leave to renew a prior motion “shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination” and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [2], [3]; American Audio Serv. Bur. Inc. v AT & T Corp., 33 AD3d 473, 476 [1st Dept 2006]). Here, ADCB has not set forth reasonable justification for its failure to submit the documents *433 demonstrating self-dealing by Credit Suisse, as those documents were in its possession before the motion was decided (see Rowe v NYCPD, 85 AD3d 1001 [2d Dept 2011]). To the extent ADCB contends that those documents were part of a voluminous production of documents, such argument is unavailing (see American Audio Serv. Bur., 33 AD3d at 476). Further, ADCB never made a request for additional time to review the documents before filing its opposition to defendant’s motion, nor did it raise these “new” facts during oral argument on the motion two months later.
The federal indictments and complaint show new facts of mismarking and mispricing that ADCB was not aware of at the time the motion was being decided, as the indictments and complaint did not become public until six months after the court decided the motion to dismiss. Nevertheless, such evidence does not change the prior determination that ADCB has not stated a claim for fraud as the facts contained in the indictments and complaint do not show that the mismarking of assets affected the restructuring transaction. ADCB’s contention to the contrary is speculative. Concur — Tom, J.E, Friedman, DeGrasse, Feinman and Gische, JJ.