■ Martin Stoner, Appellant, v Atlantic Realty Apts., LLC, et al., Respondents. [61 NYS3d 899]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered September 23, 2015, which, to the extent appealed from, denied plaintiff's motion for an injunction, for sanctions, and for leave to amend an amended complaint, and granted defendants' cross motions to dismiss the amended complaint, and order, same court and Justice, entered on or about February 8, 2016, which, to the extent appealable, denied plaintiff's motion to renew the prior motion and cross motions, unanimously affirmed, without costs.

The motion court correctly granted the cross motions to dismiss the amended complaint, because plaintiff failed to exhaust his administrative remedies (*see Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038 [2012], *cert denied* 568 US 1213 [2013]). Moreover, the amended complaint did not seek any relief against defendant the New York State Division of Housing and Community Renewal (DHCR).

The motion court correctly denied plaintiff's motion for injunctive relief because he failed to show a probability of success on the merits, the danger of irreparable injury, and a balance of equities in his favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]).

The motion court providently exercised its discretion in denying plaintiff leave to amend the amended complaint to assert a claim under 42 USC § 1983 against Woody Pascal, a DHCR official. The proposed claim is "palpably insufficient" as a matter of law (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]), since neither a state nor its officials acting in their official capacities, such as Pascal, are "person[s]" within the meaning of 42 USC § 1983 (*see Will v Michigan Dept. of State Police*, 491 US 58 [1989]).

Plaintiff's motion for renewal was properly denied because he failed to present a reasonable excuse for not presenting the new facts on the prior motion and he failed to show that the new facts would have changed the prior determination (*see* CPLR 2221 [e] [2], [3]; *American Audio Serv. Bur. Inc. v AT & T Corp.*, 33 AD3d 473, 476 [1st Dept 2006], *appeal dismissed* 2007 NY Slip Op 68096[U] [1st Dept 2007]).

No appeal lies from the denial of plaintiff's motion to reargue (*see Lopez v Post Mgt. LLC*, 68 AD3d 671 [1st Dept 2009]).

We have considered plaintiff's remaining arguments, including his request for sanctions, and find them unavailing. Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.