Gibbs v Kings Harbor Health Servs., LLC (2021 NY Slip Op 00369)





Gibbs v Kings Harbor Health Servs., LLC


2021 NY Slip Op 00369


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 23705/15 Appeal No. 12943N-12943NA Case No. 2019-2978 2019-04038 

[*1]Mary Gibbs, Individually and as Administrator of the Estate of Henry Gibbs, Deceased, et al., Plaintiffs-Respondents,
v
Kings Harbor Health Services, LLC, Doing Business as Kings Harbor Multicare Center, Defendant-Appellant.


Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for appellant.
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, White Plains (Jeremiah Frei-Pearson of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered March 7, 2019, which, inter alia, denied in part defendant's motion for a protective order and granted plaintiffs' cross motion to compel production of certain documents and for the entry of a HIPPA-qualified protective order, and order, same court and Justice, entered September 17, 2019, as corrected by order, same court and Justice, entered September 24, 2019, which, insofar as appealed from as limited by the briefs, denied defendant's motion to renew, unanimously affirmed, without costs.
The court providently exercised its discretion in directing defendant to comply with plaintiffs' pre-class certification document request, which was not overbroad or unduly burdensome (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]). However, to the extent the requests seek both electronic and paper records, defendant need not produce both if the records are identical.
The document request is properly directed at obtaining material that is relevant to the claims of the class as a whole. Plaintiffs' discovery should not be limited to material relevant only to the named representatives since the complaint contains allegations relating to the putative class as a whole.
Defendant failed to demonstrate the applicability of the quality assurance privilege contained in Public Health Law § 2805-m (2) and Education Law § 6527(3) in that the material requested was not prepared by or at the behest of the quality assurance committee. Because defendant was required to compile the data and report to various government agencies concerning its staffing and patient care, the material is not subject to the quality assurance privilege (see Sanchez v Kateri Residence, 79 AD3d 492 [1st Dept 2010]).
Defendant argues that many of the documents requested are nonexistent. However, it failed to provide an affidavit of a person who conducted the search, detailing where such records were usually maintained and the scope of the search.
The court properly denied defendant's motion to renew because renewal "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Matter of Weinberg, 132 AD2d 190, 210 [1st Dept 1987], appeal dismissed 71 NY2d 994 [1988]). Defendant did not provide a reasonable justification for its failure to present the affidavit of a person with knowledge of the facts in support of its initial motion for a protective order (see American Audio Serv. Bur., Inc. v AT & T Corp., 33 AD3d 473, 476 [1st Dept 2006]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021