TavArez v Ronad Holding Corp. (2022 NY Slip Op 00642)





TavArez v Ronad Holding Corp.


2022 NY Slip Op 00642


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Index No. 310507/10 Appeal No. 15198 Case No. 2021-02469 

[*1]Carmen TavArez, Plaintiff-Respondent,
v
Ronad Holding Corp., Defendant-Appellant.


Brody, O'Connor & O'Connor, New York (Thomas S. Reilly of counsel), for appellant.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about December 23, 2020, which denied defendant's motion for leave to renew plaintiff's motion to preclude defendant's untimely rebuttal witness evidence, unanimously affirmed, without costs.
Defendant, in seeking renewal, failed in its burden to show new facts existed that were not previously considered by the court (see generally Singh v QLR Five LLC, 171 AD3d 614 [1st Dept 2019]), or that the purported new facts would change the prior determination (see generally Stoner v Atlantic Realty Apts., LLC, 154 AD3d 552 [1st Dept 2017]; Yarn Trading Corp. v United Pads & Trim Inc., 118 AD3d 600 [1st Dept 2014]). Defendant's further argument that the intervening Covid-19 Executive Orders, which purportedly affected its trial preparation, could be analogized to a change in the law that would change the prior determination, is unavailing. The court's original order deciding plaintiff's motion to preclude was issued in September 2019, prior to the issuance of the Covid-19 Executive Orders in the Spring of 2020, and the Covid-19 Executive Orders have no bearing on the issue of whether the court properly decided plaintiff's original motion to preclude (see generally D'Alessandro v Carro, 123 AD3d 1 [1st Dept 2014] [movant seeking renewal failed to identify a change in the law as would warrant reexamination of their arguments]). The statutory requirements of a motion to preclude (see CPLR 3126) were not changed in any way by the issuance of the Covid-19 Executive Orders.
Defendant's argument that the court could have exercised its discretion to grant it an extension of time to serve its rebuttal-witness information pursuant to CPLR 2004, notwithstanding that the witness information was ordered to be exchanged back in 2011, or within a reasonable time thereafter upon issuance of the 2011 preliminary conference orders, is unavailing. CPLR 2004 allows the court to "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown." Here, defendant has not demonstrated good cause as to why it waited so long to investigate the witness information and to exchange it after many years of discovery, and only after a note of issue was filed in April 2018. Plaintiff has demonstrated prejudice should defendant be allowed to call previously undisclosed rebuttal witnesses at this late date, particularly since the action was commenced in 2010 and memories have likely faded in regard to the transient conditions at issue in this slip-and-fall matter. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022