■ In the Matter of ZORAH SHAPIRO et al., Appellants, v STATE OF NEW YORK, Respondent. [687 NYS2d 401] —In a proceeding pursuant to Court of Claims Act § 10 (6) for leave to file a late claim, the claimants appeal from an order of the Court of Claims (O'Rourke, J.), dated June 17, 1998, which denied their motion for leave to reargue and renew their original application, which was denied by an order of the same court, dated April 20, 1998.

Ordered that the appeal from so much of the order as denied that branch of the appellants' motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The claimants' home was allegedly damaged by water from a clogged culvert on a nearby highway. Their application for leave to file a late claim was denied, and the claimants then moved for leave to reargue and renew their application. "It is well settled that a motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court" (*Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *see, Foley v Roche,* 68 AD2d 558, 568; CPLR 2221). Leave to renew should be denied unless the moving party offers a reasonable excuse as to why the additional facts were not submitted on the original application (*see, Cannistra v Gibbons,* 224 AD2d 570, 571; *Lee v Ogden Allied Maintenance Corp.,* 226 AD2d 226, 227; *see also, Mangine v Keller,* 182 AD2d 476, 477). The claimants herein failed to provide the court with any reason as to why the affidavit of the professional engineer, which purported to demonstrate the probable duration of the presence of the debris which clogged the culvert, had not been

presented at the time of the original application and was not previously brought to the attention of the court (see, Matter of Barnes v State of New York, 159 AD2d 753). Therefore, the Court of Claims did not improvidently exercise its discretion in denying the branch of the appellants' motion which was for renewal (see, Wagman v Village of Catskill, 213 AD2d 775, 776; see also, Mundo v SMS Hasenclever Maschinenfabrik, 224 AD2d 343, 344).

The appellants' remaining contentions are without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.