■ MILDRED COLE-HATCHARD et al., Respondents, v GRAND UNION, Appellant. [705 NYS2d 605] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated March 1, 1999, which granted the plaintiffs' motion, in effect, for renewal, and, upon renewal, vacated its previous order dated April 1, 1998, granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, the motion is denied, the order dated April 1, 1998, is reinstated, and the complaint is dismissed.

A motion for leave to renew must be based upon new or additional facts which, although in existence at the time of the original motion, were not known to the party seeking renewal, and, therefore, were not made known to the court (*see, Matter of Shapiro v New York,* 259 AD2d 753). Although leave to renew may be granted in the trial court's discretion even where the additional facts were known to the party seeking renewal at the time of the original motion (*see, Perla Assocs. v Ginsberg,* 256 AD2d 303; *Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816), "[l]eave to renew should be denied unless the moving party offers a reasonable excuse as to why the additional facts were not submitted on the original application" (*Matter of Shapiro v New York, supra,* at 754). While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion (*see,* CPLR 2005), the movant must submit supporting facts to explain and justify the default (*see, Bravo v New York City Hous. Auth.,* 253 AD2d 510) and mere neglect is not accepted as a reasonable excuse (*see, De Vito v Marine Midland Bank,* 100 AD2d 530).

The plaintiffs' proffered excuse, that an eyewitness to the accident was not contacted because his name was inadvertently not included in the investigation file of the plaintiffs' counsel, may be sufficient to explain counsel's failure to contact the eyewitness at the outset of the case. However, that excuse is insufficient to explain why counsel failed to contact the eyewitness after depositions revealed his identity and upon receipt of the summary judgment motion. Moreover, the plaintiffs failed to offer any excuse for the seven-month delay in making the motion, in effect, for renewal. Accordingly, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting leave to renew. Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.