■ TRANE COMPANY, a Division of AMERICAN STANDARD, INC., Respondent, v 401 BROAD HOLLOW REALTY CORP. et al., Defendants, and SBARRO INC., Appellant. [709 NYS2d 424] —In an action, *inter alia,* to recover damages for breach of a guaranty, the defendant Sbarro Inc., appeals from (1) an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 23, 1999, which granted the plaintiff's motion for partial summary judgment against it on the second cause of action, and (2) so much of an order of the same court, dated October 1, 1999, as denied that branch of its motion which was for leave to renew.

Ordered that the order dated July 23, 1999, is affirmed; and it is further,

Ordered that the order dated October 1, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the appellant.

The plaintiff, Trane Company (hereinafter Trane), submitted sufficient evidence in support of its motion for partial summary judgment to entitle it to judgment as a matter of law against the defendant Sbarro Inc. (hereinafter Sbarro), on the second cause of action to recover damages for breach of a guaranty. In opposition, Sbarro asserted that it needed discovery in order to adequately oppose Trane's claim regarding the amount owed. Mere hope that something will be uncovered in discovery provides no basis to postpone a decision on a motion for summary judgment (*see, Sellars v Redondo,* 270 AD2d 407). Additionally, Sbarro failed to explain why it did not seek any discovery during the 10 months that the case was pending before Trane moved for summary judgment. Therefore, the Supreme Court properly granted Trane's motion.

The Supreme Court also properly denied Sbarro's motion for leave to renew. While Sbarro presented additional evidence in support of its motion to renew, it failed to explain why this additional evidence could not have been submitted at the time of the original motion (*see, Cole-Hatchard v Grand Union,* 270 AD2d 447). It is clear that the only reason the evidence was

unavailable at the time of the original motion was because Sbarro failed to seek discovery from Trane. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.