■ GLENN P. MORRISON et al., Respondents, v HARVEY M. ROSENBERG et al., Appellants. (And a Third-Party Action.) [717 NYS2d 354] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered July 1, 1999, as granted that branch of the plaintiffs' motion which was for leave to renew the defendants' prior motion for summary judgment dismissing the complaint, which had been granted by order of the same court, dated February 24, 1999, and, upon renewal, denied the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for leave to renew is denied, and the order dated February 24, 1999, is reinstated.

The law is well settled that: "A motion for leave to renew must be based upon new or additional facts which, although in existence at the time of the original motion, were not made known to the party seeking renewal, and, therefore, were not known to the court (see, Matter of Shapiro v State of New York, 259 AD2d 753). Although leave to renew may be granted in the trial court's discretion even where the additional facts were known to the party seeking renewal at the time of the original motion (see, Perla Assocs. v Ginsberg, 256 AD2d 303; Oremland v Miller Minutemen Constr. Corp., 133 AD2d 816), '[l]eave to renew should be denied unless the moving party offers a reasonable excuse as to why the additional facts were not submitted on the original application' (Matter of Shapiro v State of New York, supra, at 754). While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion (see, CPLR 2005), the movant must submit supporting facts to explain and justify the default (see, Bravo v New York City Hous. Auth., 235 AD2d 510) and mere neglect is not accepted as a reasonable excuse (see, De Vito v Marine Midland Bank, 100 AD2d 530)" (Cole-Hatchard v Grand Union, 270 AD2d 447).

Here, the plaintiffs failed to provide a reasonable excuse for

their failure to submit in opposition to the defendants' motion for summary judgment, authenticated, clear pictures of the alleged defect which caused the injured plaintiff's fall. Moreover, they offered no reasonable excuse for the failure to submit the affidavit of a witness indicating that the alleged defect was in substantially the same condition for at least six months before the injured plaintiff's accident. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to renew. Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.