■ SONIA M. DAWKINS et al., Appellants, v LONG ISLAND RAIL ROAD et al., Respondents. [753 NYS2d 893] —In an action to recover damages for personal injuries, etc., the plaintiffs ap-

peal (1) from an order of the Supreme Court, Queens County (LaTorella, J.), dated August 10, 2000, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, dated March 16, 2001, as denied that branch of their motion which was for leave to renew.

Ordered that the order dated August 10, 2000, is affirmed; and it is further,

Ordered that the order dated March 16, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The injured plaintiff allegedly sustained injuries when she slipped and fell on a wet floor shortly after boarding one of the defendants' trains. It is undisputed that it had been raining for some period of time prior to the accident and was still raining when the accident occurred.

The Supreme Court properly granted the defendants' motion for summary judgment. The defendants made a prima facie showing that they neither created nor had actual or constructive notice of the slippery condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 838; *Dane v Taco Bell Corp.,* 297 AD2d 274; *Chemont v Pathmark Supermarkets,* 279 AD2d 545, 546). The plaintiffs do not claim that the defendants had actual notice of the condition, and in the absence of proof that rain water had accumulated on the floor for a sufficient length of time so as to permit the defendants' employees to discover and remedy it, there is no evidence from which to infer that the defendants had constructive notice of the condition (*see Goberdhan v Waldbaum's Supermarket,* 295 AD2d 564; *Kershner v Pathmark Stores,* 280 AD2d 583; *McDuffie v Fleet Fin. Group,* 269 AD2d 575).

The Supreme Court also properly denied that branch of the plaintiffs' subsequent motion which was for leave to renew, as the accident report was known to the plaintiffs and, with due diligence, available to them at the time of the original motion, and the plaintiffs failed to set forth a reasonable excuse as to why it could not have been submitted at that time (*see* CPLR 2221 [e]; *Trane Co. v 401 Broad Hollow Realty Corp.,* 272 AD2d 608; *Cole-Hatchard v Grand Union,* 270 AD2d 447; *Cannistra v Gibbons,* 224 AD2d 570, 571).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.