■ ANA M. GOMEZ, Appellant, v NEEDHAM CAPITAL GROUP, INC., et al., Respondents. [775 NYS2d 903]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered November 26, 2002, as granted the defendants' motion for leave to renew her prior motion, inter alia, for summary judgment on the issue of liability and, upon renewal, vacated its

prior orders entered May 3, 2002, and August 9, 2002, respectively, and, in effect, denied the motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"A motion to renew is intended to draw the court's attention to new or additional facts which, although in existence at the time of the original motion, were unknown to the party seeking leave to renew and therefore not brought to the court's attention" (*Natale v Samel & Assoc.,* 264 AD2d 384, 385 [1999]). However, this requirement is a flexible one and the court, in its discretion, may grant renewal, in the interest of justice, upon facts which were known to the movant where the movant offers a reasonable justification for failing to submit them on the earlier motion (*see Hasmath v Cameb,* 5 AD3d 438 [ 2004]; *Bepat v Chandler,* 2 AD3d 764 [2003]; *Vita v Alstom Signaling,* 308 AD2d 582 [2003]; cf. *Morrison v Rosenberg,* 278 AD2d 392 [2000]; *Cole-Hatchard v Grand Union,* 270 AD2d 447 [2000]). Under the circumstances of this case, the Supreme Court properly exercised its discretion in granting leave to renew.

Upon renewal, the Supreme Court properly vacated its prior orders, and, in effect, denied the plaintiff's motion for summary judgment on the issue of liability. There are triable issues of fact with respect to liability for the subject accident (*see* CPLR 3212; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Florio, J.P., Smith, Crane and Rivera, JJ., concur.