■ ALEXIS DOVE CHIEFFET, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [782 NYS2d 56]—

Order, Supreme Court, New York County (Robert Lippmann, J.), entered December 18, 2003, which granted defendant New York City Transit Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this personal injury action, plaintiff claims that she slipped and fell while descending a stairway inside the Canal Street subway station. Plaintiff's notice of claim states that a "slippery condition" existed due to "water running on the steps." At a statutory hearing (*see* General Municipal Law § 50-h) conducted approximately six months after the incident, plaintiff averred that water was "trickling down the corner of the whole stairwell" and that on the third step, where she fell, the water started to spread out because of an "outstanding oily substance." In her bill of particulars, plaintiff alleged for the first time, without any elaboration, that the stairway was in a "broken" and "dangerous" condition.

The Transit Authority subsequently moved for summary judgment, asserting that plaintiff could not demonstrate that the Transit Authority had actual or constructive notice of the wet

and slippery condition. The Transit Authority also urged the motion court to reject plaintiff's belated "broken stairway" theory because it was not set forth in the notice of claim, and that, in any event, plaintiff's own photographs of the stairway do not show any noticeable defect. The Transit Authority, in conjunction with its motion, submitted evidence that rain began to accumulate at 4:00 P.M. on the date of the incident and continued to fall, in varying amounts, until 9:00 P.M. Plaintiff maintains that she was injured at approximately 6:30 P.M.

In opposition to defendant's motion, plaintiff submitted the affidavit of Herbert W. Braunstein, a licensed professional engineer, who delineated a number of purported "hazardous conditions" which, in his opinion, "were a major factor" in plaintiff's accident. The motion court granted defendant summary judgment finding, inter alia, that there was no proof defendant had either actual or constructive notice of the condition, or that defendant had sufficient time to remedy any such condition. We agree and affirm.

It is settled that a plaintiff in a slip and fall case must demonstrate that defendant had either actual or constructive notice of the hazardous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Kershner v Pathmark Stores, Inc.*, 280 AD2d 583 [2001]; *Rosario v New York City Tr. Auth.*, 215 AD2d 364, 365 [1995]). With regard to plaintiff's original assertions that she fell due to water which had accumulated on the stairs and/or that an oily substance was also present on the stairs, plaintiff makes no attempt to demonstrate that defendant had actual notice that the alleged condition existed. Moreover, plaintiff failed to submit evidence that the slippery substance was "visible and apparent and [existed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d at 837; *Dawkins v Long Is. R.R.*, 302 AD2d 349 [2003]; *Wallace v Doral Tuscany Hotel*, 302 AD2d 255 [2003]). Accordingly, the motion court properly rejected these claims.

Plaintiff's later theories of liability, interposed in the affidavit of Braunstein, are precluded for failure to assert them in the original notice of claim (*Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]; *Barksdale v New York City Tr. Auth.*, 294 AD2d 210, 211 [2002]). Moreover, plaintiff's expert's affidavit, the substantive portion of which consists of one typewritten page, is speculative, unsupported by the record and conclusory, and is insufficient to support plaintiff's later claims in any event. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Friedman, JJ.