■ NELSON MARTINS, Respondent, v ILMION YUKHAYEV et al., Appellants. [880 NYS2d 166]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated February 22, 2008, which granted the plaintiff's motion for leave to reargue his prior motion to

vacate an order dated May 30, 2006, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been denied in an order of the same court dated July 6, 2007, and upon reargument, in effect, vacated the order dated July 6, 2007, granted the plaintiff's motion to vacate the order dated May 30, 2006, and thereupon denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated February 22, 2008 is modified, on the law, by deleting the provision thereof which, upon reargument, in effect, vacated the order dated July 6, 2007, granted the plaintiff's motion to vacate the order dated May 30, 2006, and denied the defendant's motion for summary judgment and substituting therefor a provision, upon reargument, adhering to the determination in the order dated July 6, 2007, denying the plaintiff's motion to vacate the order dated May 30, 2006; as so modified, the order is affirmed, without costs or disbursements.

The present action arises from a two-car motor vehicle accident which occurred in Manhattan on September 17, 2004 in which a motor vehicle operated by the plaintiff was allegedly struck in the rear by a taxi cab operated by the defendant Ilmion Yukhayev and owned by the defendant Monica Taxi Corp.

In support of his motion to vacate his default, the plaintiff was required to present a reasonable excuse for his default and a meritorious claim. The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (see Bardales v Blades, 191 AD2d 667 [1993]), and in exercising that discretion the trial court may accept law office failure as an excuse (see CPLR 2005; Parker v City of New York, 272 AD2d 310, 311 [2000]; Searing v Anand, 127 AD2d 582 [1987]).

Here, the Supreme Court providently exercised its discretion in accepting the plaintiff's explanation of law office failure for his failure to appear in court for argument on the summary judgment motion. The motion to vacate was timely made, and there was no pattern of delay, evidence of wilfulness, or prejudice to the defendants demonstrated (see Hageman v Home Depot U.S.A., Inc., 25 AD3d 760 [2006]; Searing v Anand, 127 AD2d 582 [1987]).

However, the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing that the plaintiff did not sustain a serious injury within the meaning of

Insurance Law § 5102 (d) as a result of the subject accident. Accordingly, the Supreme Court erred, upon reargument, by, in effect, granting the plaintiff's motion to vacate his default. Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.