(June 15, 2010)

■ ALBERTON DEVELOPERS, INC., Appellant, v ALL TRADE ENTERPRISES, INC., et al., Respondents. [902 NYS2d 403]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Shulman, J.), dated May 19, 2009, which denied its motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court (Geller, J.), dated October 10, 2008, confirming a referee's report dated August 20, 2008, upon the plaintiff's default in appearing at trial and answering the counterclaims, directing the dismissal of the complaint, and granting leave to the defendants to enter judgment on their counterclaims in the sum of $369,801.

Ordered that the order dated May 19, 2009, is affirmed, with costs.

Generally, a party seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious claim (*see* CPLR 5015 [a] [1]; *Martins v Yukhayev*, 63 AD3d 697, 698 [2009]; *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 661 [2009]; *Krisztin v State of New York*, 34 AD3d 753 [2006]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (*see Rugieri v Bannister*, 7 NY3d 742, 744 [2006]; *Young Chen v Ruihua Li*, 67 AD3d 905, 906 [2009]; *Martins v Yukhayev*, 63 AD3d at 698).

Here, the Supreme Court providently exercised its discretion in denying the subject motion. The plaintiff failed to establish a reasonable excuse for its default. Even were the court to accept

the plaintiff's bare allegations of attorney neglect, while CPLR 2005 allows courts to excuse a default due to law office failure, "it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (*Ortega v Bisogno & Meyerson*, 38 AD3d 510, 511 [2007] [internal quotation marks omitted]; *see Heidari v First Advance Funding Corp.*, 55 AD3d 669, 670 [2008]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 554 [2001]; *De Vito v Marine Midland Bank*, 100 AD2d 530, 531 [1984]). Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.