■ FRANK CASALI, Appellant, v DANIEL J. CYRAN, Respondent, et al., Defendant. [921 NYS2d 879]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered October 16, 2009, which denied his motion to vacate an order of the same court entered August 28, 2009, upon his default, granting the motion of the defendant Daniel J. Cyran for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the order entered October 16, 2009, is affirmed, with costs.

To vacate his default, the plaintiff was required to demonstrate a reasonable excuse for the default and potentially meritorious opposition to the motion (*see* CPLR 5015 [a]; *Legaretta v Ekhstor*, 74 AD3d 899 [2010]; *Rivera v Komor*, 69 AD3d 833 [2010]; *Nowell v NYU Med. Ctr.*, 55 AD3d 573 [2008]). The plaintiff's excuse for failing to oppose the motion of defendant Daniel J. Cyran for summary judgment dismissing the compli-

ant insofar as asserted against Cyran can only be classified as law office failure. Although the Supreme Court has the discretion to excuse a default resulting from law office failure (*see* CPLR 2005), here, the plaintiff's attorney, in his affirmation, admitted that there was "no excuse, reasonable or otherwise." Additionally, the plaintiff failed to establish that he had potentially meritorious opposition to the motion (*see Bollino v Hitzig*, 34 AD3d 711 [2006]). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the prior order granting Cyran's motion for summary judgment dismissing the complaint insofar as asserted against Cyran. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.