■ Josephine Ogunmoyin, Appellant, v 1515 Broadway Fee Owner, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents, and SL Green Realty Corp. et al., Respondents. Broadway Restaurant Associates, LLC, Doing Business as Bolzano's, Third-Party Defendant-Respondent. [925 NYS2d 844]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated April 16, 2010, which denied her motion pursuant to CPLR 5015 to vacate so much of an order of the same court dated November 13, 2009, as, upon her default, granted the defendants' separate motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To vacate so much of the order dated November 13, 2009, as was entered upon the plaintiff's default in opposing the defendants' separate motions for summary judgment dismissing the complaint, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentionally meritorious opposition to the motions for summary judgment (see *Joseph v GMAC Leasing Corp.*, 44 AD3d 905 [2007]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630, 630 [2006]; *Henry v Kuveke*, 9 AD3d 476, 479 [2004]). While law office failure can be accepted as a reasonable excuse in the exercise of a court's sound discretion, the movant must submit supporting facts to explain and justify the default, and mere neglect is not accepted as a reasonable excuse (see *Morrison v Rosenberg*, 278 AD2d 392, 392 [2000]; *Cole-Hatchard v Grand Union*, 270 AD2d 447, 447 [2000]; *De Vito v Marine Midland Bank*, 100 AD2d 530, 531 [1984]).

Here, the plaintiff's proffered excuse of law office failure was vague and unsubstantiated and, thus, did not constitute a reasonable excuse for the default (see *Knowles v Schaeffer*, 70 AD3d 897, 898 [2010]; *Chechen v Spencer*, 68 AD3d 801, 802 [2009]; *Murray v New York City Health & Hosps. Corp.*, 52 AD3d 792, 793 [2008]; *St. Luke's Roosevelt Hosp. v Blue Ridge Ins. Co.*, 21 AD3d 946, 947 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate so much of the order dated November 13, 2009, as was entered upon her default in opposing the defendants' separate motions for summary judgment dismissing the complaint (see *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306 [2006]; *Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]).

In light of the foregoing, we need not reach the plaintiff's remaining contention. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.