■ 1133 Taconic, LLC, Appellant, v Lartrym Services, Inc., Respondent. [925 NYS2d 840]—

In an action to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 26, 2010, which denied its motion for summary judgment and, upon searching the record, awarded summary judgment to the defendant dismissing the complaint.

Ordered that the order is affirmed, with costs.

"To prevail on a claim of unjust enrichment, a plaintiff must establish that the defendant benefitted at the plaintiff's expense and that equity and good conscience require restitution" (*Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592-593 [2007]; *see Cruz v McAneney*, 31 AD3d 54, 59 [2006]). "Enrichment alone will not suffice to invoke the remedial powers of a court of equity. Critical is that under the circumstances and as between the two parties to the transaction the enrichment be unjust" (*McGrath v Hilding*, 41 NY2d 625, 629 [1977]; *see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680 [2005]).

The Supreme Court properly determined, as a matter of law, that the real property tax payments that the plaintiff paid prior to, and during its wrongful possession of the subject real property, did not constitute an unjust enrichment of the defendant (*see Marini v Lombardo*, 79 AD3d 932 [2010]; *Broadway Cent. Prop. v 682 Tenant Corp.*, 298 AD2d 253 [2002]; *Mente v Wenzel*, 178 AD2d 705 [1991]). In this regard, because the plaintiff has unclean hands, its claims of unjust enrichment are barred (*see Melius v Breslin*, 46 AD3d 524, 527 [2007]). Thus, the Supreme Court properly denied the plaintiff's motion for summary judgment, and searched the record and awarded summary judgment to the defendant dismissing the complaint (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.