■ TAYLOR APPRAISALS et al., Respondents, v JOSEPH W. PROKOP, Appellant. [952 NYS2d 451]—

To vacate his default in opposing the plaintiffs' motion for summary judgment on the complaint, the defendant was required to demonstrate a reasonable excuse for his default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Walker v Mohammed,* 90 AD3d 1034 [2011]; *Roche v City of New York,* 88 AD3d 978, 979 [2011]; *Casali v Cyran,* 84 AD3d 711 [2011]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). "While law office failure can be accepted as a reasonable excuse in the exercise of a court's sound discretion, the movant must submit supporting facts to explain and justify the default, and mere neglect is not accepted as a reasonable excuse" (*Ogunmoyin v 1515 Broadway Fee Owner, LLC,* 85 AD3d 991, 992 [2011]; *see Morrison v Rosenberg,* 278 AD2d 392, 392 [2000]; *Cole-Hatchard v Grand Union,* 270 AD2d 447, 447 [2000]).

Here, the defendant's proffered excuse of law office failure was vague and unsubstantiated and, thus, did not constitute a reasonable excuse for the default (*see Ogunmoyin v 1515 Broadway Fee Owner, LLC,* 85 AD3d at 992; *Alberton Devs., Inc. v All Trade Enters., Inc.*, 74 AD3d 1000 [2010]; *Siculan v Koukos,* 74 AD3d 946, 947 [2010]; *Chechen v Spencer,* 68 AD3d 801 [2009]). Furthermore, the defendant failed to demonstrate a potentially meritorious opposition to the plaintiffs' motion for

summary judgment (*see* CPLR 3018 [b]; *Merrill Lynch Realty/ Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596 [1984]; *White Plains Cleaning Servs., Inc. v 901 Props., LLC*, 94 AD3d 1108, 1109 [2012]; *Landau v Weissman*, 78 AD3d 661, 662 [2010]; *Profex, Inc. v Town of Fishkill*, 65 AD3d 678 [2009]; *Pothos v Arverne Houses*, 269 AD2d 377, 378 [2000]). Accordingly, the Supreme Court properly denied the defendant's motion to vacate the order dated March 16, 2010, which was entered upon his default in opposing the plaintiffs' motion for summary judgment on the complaint, and properly awarded judgment in favor of the plaintiffs and against the defendant in the principal sum of $18,700. Rivera, J.P., Florio, Dickerson, Leventhal and Lott, JJ., concur.