■ BOARD OF MANAGERS OF MARBURY CLUB CONDOMINIUM, Respondent, v MARBURY CORNERS, LLC, et al., Appellants, et al., Defendants. [989 NYS2d 369]—

In an action, inter alia, for a judgment declaring that a certain promissory note and related documents are illegal, invalid and/or otherwise unenforceable, and for related compensatory damages, the defendants Marbury Corners, LLC, and Ginsburg Holdings, LLC, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered November 8, 2012, as granted those branches of the plaintiff's motion which were for summary judgment dismissing their affirmative defense based on the statute of limitations and counterclaim to recover damages for unjust enrichment, and (2) from a judgment of the same court, entered January 25, 2013, which, upon the stipulation of the parties, is in favor of the plaintiff and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

Contrary to the appellants' contention, under the circumstances of this case, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing their affirmative defense based on the statute of limitations (see Board of Mgrs. of Marbury Club Condominium v Marbury Corners, LLC, 98 AD3d 641 [2012]).

Also contrary to the appellants' contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing their counterclaim to recover damages for unjust enrichment. In particular, because this Court previously determined that the appellants have unclean hands (see id. at 642, citing R.A.C. Group, Inc. v Board of Educ. of City of N.Y., 21 AD3d 243, 249 [2005]; see generally

*Aames Funding Corp. v Houston,* 57 AD3d 808, 809 [2008]; *Hampton Val. Farms, Inc. v Flower & Medalie,* 40 AD3d 699, 701 [2007]), their counterclaim to recover damages for unjust enrichment is barred (*see 1133 Taconic, LLC v Lartrym Servs., Inc.,* 85 AD3d 992, 993 [2011]; *Melius v Breslin,* 46 AD3d 524, 527 [2007]; *cf. Suntrust Mtge., Inc. v Mooney,* 113 AD3d 836, 837 [2014]).

The appellants' remaining contention is without merit. Dillon, J.P., Lott, Austin and Barros, JJ., concur.