Nakollofski v Kingsway Props., LLC (2018 NY Slip Op 00559)





Nakollofski v Kingsway Props., LLC


2018 NY Slip Op 00559


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-09740
 (Index No. 9572/15)

[*1]Stavri Nakollofski, appellant, 
v
Kingsway Properties, LLC, respondent, et al., defendants.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Lipsius BenHaim Law, LLP, Kew Gardens, NY (Phillip M. Manela, David BenHaim, and Ira Lipsius of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Walker, J.), entered August 17, 2016, which denied his motion pursuant to CPLR 5015(a) to vacate an order of the same court dated May 13, 2016, granting the motion of the defendant Kingsway Property, LLC, pursuant to CPLR 5015(a)(1) and (4) to vacate a judgment entered February 25, 2015, upon its failure to appear or answer the complaint and directing it to serve its answer by May 20, 2016.
ORDERED that the order entered August 17, 2016, is affirmed, with costs.
On February 10, 2014, the plaintiff commenced this action to recover damages for personal injuries he alleged he sustained while working as a superintendent at premises owned by the defendant Kingsway Property, LLC (hereinafter Kingsway), located at 200 Kings Highway, Brooklyn. As is relevant to this appeal, on February 25, 2015, a default judgment was entered against Kingsway. Thereafter, on March 9, 2016, Kingsway filed a motion pursuant to CPLR 5015(a)(1) and (4) to vacate the default judgment and for leave to file a late answer. The plaintiff failed to timely serve any opposition to the motion but faxed an affirmation, without exhibits, to Kingsway in the late afternoon preceding the return date. Counsel for the plaintiff then appeared on the return date with an affirmation in opposition and nine exhibits attached thereto. The Supreme Court held that the plaintiff's failure to timely serve his opposition papers constituted a default in opposing Kingsway's motion to vacate. In an order dated May 13, 2016 (hereinafter the May 2016 order), the court granted, upon the plaintiff's default, Kingsway's motion to vacate the default judgment against it and directed Kingsway to serve its answer by May 20, 2016.
By notice of motion dated June 21, 2016, the plaintiff moved, pursuant to CPLR 5015(a) to vacate the May 2016 order. In an order entered August 17, 2016, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from that order.
To vacate his default in opposing Kingsway's motion to vacate the default judgment against it, the plaintiff was required to demonstrate a reasonable excuse for his default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Taylor Appraisals v Prokop, 99 AD3d 985, 985; Walker v Mohammed, 90 AD3d 1034; Roche v City of New York, 88 AD3d 978, 979; Casali v Cyran, 84 AD3d 711). "While law office failure can be accepted as a reasonable [*2]excuse in the exercise of a court's sound discretion, the movant must submit supporting facts to explain and justify the default, and mere neglect is not accepted as a reasonable excuse" (Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992; see Taylor Appraisals v Prokop, 99 AD3d at 985; Morrison v Rosenberg, 278 AD2d 392, 392).
Here, the plaintiff's proffered excuse of law office failure was vague and unsubstantiated. Thus, it did not constitute a reasonable excuse for his default (see Taylor Appraisals v Prokop, 99 AD3d at 985; Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d at 992; Alberton Devs., Inc. v All Trade Enters., Inc., 74 AD3d 1000, 1000-1001). Accordingly, the Supreme Court providently exercised its discretion in declining to consider the plaintiff's opposition to Kingsway's motion to vacate the default, despite no showing of prejudice to Kingsway, as the plaintiff failed to provide a valid excuse for the late service of its opposition papers (see Risucci v Zeal Mgt. Corp, 258 AD2d 512; Bush v Hayward, 156 AD2d 899). In any event, the plaintiff also failed to demonstrate a potentially meritorious opposition to Kingsway's motion to vacate (see Airtight Sec. Sys., Inc. v 2350, LLC, 117 AD3d 764; Taylor Appraisals v Prokop, 99 AD3d at 985).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the May 2016 order.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court