Jing Liu v Yang (2020 NY Slip Op 50955(U))

[*1]

Jing Liu v Yang

2020 NY Slip Op 50955(U) [68 Misc 3d 130(A)]

Decided on August 21, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 21, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-1511 Q C

Jing Liu, Respondent,
against
Fiona Ruihua Yang, Also Known as Ruihua Yang, Paris Wedding
Center Corp., Laffection Wedding Center, LLC, Paris Wedding Center Group Corp., John Doe,
Also Known as Wei, and Jane Doe, Also Known as Lily, Appellants.

Law Office of Xian Feng Zou (William X. Zou of counsel), for appellants.
Daniel Chu, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (David M.
Hawkins, J.), entered March 26, 2018. The order, insofar as appealed from as limited by the
brief, denied the branch of defendants' motion seeking to vacate an order of that court entered
September 14, 2017 granting, upon defendants' default, plaintiff's motion to strike defendants'
answer.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action to recover damages for, among other things, breach of contract, the parties
entered into a so-ordered stipulation setting forth their discovery agreement. When defendants
failed to comply with the stipulation, plaintiff moved to strike defendants' answer. Defendants
failed to timely oppose the motion and thereafter unsuccessfully attempted to obtain the court's
consent to consider their untimely opposition papers on the return date or obtain an extension of
time to submit papers. By order entered September 14, 2017, the Civil Court (David M.
Hawkins, J.) granted plaintiff's motion on default. Thereafter, defendants moved to vacate the
September 14, 2017 order or for leave to reargue plaintiff's motion, claiming that defense counsel
had assumed that his request for an extension of time to submit papers in opposition to plaintiff's
motion would be granted. Plaintiff opposed defendants' motion, arguing that defendants had not
provided a reasonable excuse [*2]for their failure to submit
timely opposition. By order entered March 26, 2018, the court (David M. Hawkins, J.) denied
defendants' motion. As limited by their brief, defendants appeal from so much of the March 26,
2018 order as denied the branch of their motion seeking to vacate the September 14, 2017
order.
To vacate their default in opposing plaintiff's motion to strike their answer, defendants were
required to demonstrate a reasonable excuse for their default and a potentially meritorious
opposition to the motion (see CPLR 5015 [a] [1]; Taylor Appraisals v Prokop, 99 AD3d 985 [2012]; Walker v Mohammed, 90 AD3d
1034 [2011]; Roche v City of New
York, 88 AD3d 978 [2011]; Casali v Cyran, 84 AD3d 711 [2011]). "While law office failure
can be accepted as a reasonable excuse in the exercise of a court's sound discretion, the movant
must submit supporting facts to explain and justify the default, and mere neglect is not accepted
as a reasonable excuse" (Ogunmoyin v
1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992 [2011]; see Taylor Appraisals v Prokop, 99
AD3d 985; Morrison v Rosenberg, 278 AD2d 392 [2000]).
Here, defendants' proffered excuse of law office failure was vague and unsubstantiated.
Counsel merely argued that it was the first time the motion was on the calendar and he assumed
he would be granted an adjournment to submit opposition papers. This did not constitute a
reasonable excuse for defendants' default in opposing plaintiff's motion (see Taylor Appraisals v Prokop, 99
AD3d 985; Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 992; Alberton Devs., Inc. v All Trade Enters.,
Inc., 74 AD3d 1000 [2010]).
In any event, defendants failed to rebut plaintiff's showing that their conduct in failing to
comply with discovery requests, even after being directed to do so by court order, was willful and
contumacious (see Airtight Sec. Sys.,
Inc. v 2350, LLC, 117 AD3d 764 [2014]; Taylor Appraisals v Prokop, 99 AD3d 985; Tos v Jackson Hgts.
Care Ctr., LLC, 91 AD3d 943 [2012]; Rowell v Joyce, 10 AD3d 601 [2004]; Renelique v Lancer Ins. Co., 53 Misc
3d 145[A], 2016 NY Slip Op 51596[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 21, 2020