Biotek Servs., LLC v South Is. Med. Assoc., P.C. (2023 NY Slip Op 02775)

Biotek Servs., LLC v South Is. Med. Assoc., P.C.

2023 NY Slip Op 02775

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-02515
 (Index No. 703602/19)

[*1]Biotek Services, LLC, appellant 
v
South Island Medical Associates, P.C., respondent.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 24, 2021. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 5015(a) to vacate (1) an order of the same court dated September 21, 2020, inter alia, granting that branch of the plaintiff's unopposed motion which was for summary judgment on the first through fourth causes of action and (2) a judgment of the same court entered September 30, 2020, upon the order dated September 21, 2020, which is in favor of the plaintiff and against the defendant in the principal sum of $85,371.61.
ORDERED that the order entered March 24, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract (first cause of action) and unjust enrichment (third cause of action), to recover in quantum meruit (fourth cause of action), and to recover on an account stated (second cause of action), for services allegedly provided to the defendant. In May 2020, the plaintiff moved, among other things, for summary judgment on the first through fourth causes of action. The defendant failed to oppose the motion. In an order dated September 21, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the first through fourth causes of action, and on September 30, 2020, the court entered a judgment upon the order dated September 21, 2020, in favor of the plaintiff and against the defendant in the principal sum of $85,371.61. In November 2020, the defendant moved pursuant to CPLR 5015(a) to vacate the order dated September 21, 2020, and the judgment. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id. § 5015[a][1]; Garcia v City of New York, 189 AD3d 788, 788). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864). In making such a determination, the court may excuse delay or default resulting from law office failure (see CPLR 2005; Mid-Hudson Props., Inc. v Klein, 167 AD3d at 864).
Here, the defendant's claim of law office failure was supported by a "detailed and credible explanation" of the default (Ki Tae Kim v Bishop, 156 AD3d 776, 777), and the Supreme Court providently exercised its discretion in accepting that explanation. Moreover, the defendant demonstrated the existence of a potentially meritorious opposition to the plaintiff's motion (see e.g. 1133 Taconic, LLC v Lartrym Servs., Inc., 85 AD3d 992, 993). Accordingly, the court properly granted the defendant's motion pursuant to CPLR 5015(a) to vacate the order dated September 21, 2020, and the judgment.
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court