Cullinan v New York Univ. (2025 NY Slip Op 50945(U))

[*1]

Cullinan v New York Univ.

2025 NY Slip Op 50945(U)

Decided on June 9, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 9, 2025
Supreme Court, New York County

Patrick Cullinan, GERALDINE CULLINAN, Plaintiff,

against
New York University, NYU SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, NYU LANGONE MEDICAL CENTER, TURNER CONSTRUCTION COMPANY, DINEL VELICAN-GRUIA, SERGE BONHOMM, Defendant.

Index No. 159762/2016

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226 were read on this motion for JUDGMENT - SUMMARY.
On this order to show cause, defendant Turner Construction Company (Turner) seeks leave to renew its prior motion for summary judgment pursuant to CPLR 2221 (e). Upon renewal, Turner would request an order, pursuant to CPLR 3212, granting summary judgment to Turner and dismissing plaintiff's Labor Law section 200 claims (NYSCEF doc. no. 214).
In this court's prior decision denying summary judgment to Turner, it held that Turner left the court "unclear as to what Turner's role was — if any — in controlling egress and ingress to the construction site and whether it took on a responsibility for providing safe passage within the broad ranging jobsite" (NYSCEF doc. no. 82, pg. 2). Therefore, it was this court's view that "Turner has failed to tender sufficient evidence to demonstrate that there is an absence of material issues of fact with respect to Turner's potential liability for common negligence and/or under Labor Law 200" (id. at 3). Now, following discovery and depositions, Turner moves to renew its motion for summary judgment and seeks dismissal of plaintiff's Labor Law 200 claims.
Pursuant to CPLR 2221 (e) (2) and (3), a motion to renew "shall be based upon new facts [*2]not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (Am. Audio Serv. Bureau Inc. v AT&T Corp., 33 AD3d 473, 476 [1st Dept 2006]). A showing of due diligence in the first factual presentation should be made to warrant a further inquiry into the new proposed facts (id. "[w]e need not determine whether the asserted new facts would change the prior determination as plaintiff failed to exercise due diligence in making [its] first factual presentation"]). Leave to renew should be denied unless the moving party offers a reasonable excuse as to why the additional facts were not submitted on the original application (Matter of Shapiro v State of New York, 259 AD2d 753 [2d Dept 1999]).
In support of its application, Turner submits the deposition testimony of approximately eight (8) witnesses (NYSCEF doc. no.185, exs. R-Z) taken during discovery. Turner admits that at the time it filed its original motion for summary judgment, depositions of all parties had not yet occurred (id.at para. 37). Turner also admits that no testimony was submitted to the court in support of Turner's motion for summary judgment (id.at para. 46). Nonetheless, according to Turner, the court should consider the testimony as "new facts" that warrant dismissal of plaintiff's Labor Law §200 claims.
Turner summarily states that it "had a reasonable justification for not providing the facts" (NYSCEF doc. no. 185, para. 46), but offers no explanation or justification for why said testimony was not obtained before the original motion filing. Turner did not identify any due diligence undertaken to submit the testimony with the original application.
To warrant renewal, the application must be "supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court" (Shapiro, 259 AD2d 753). No such showing was made here.
Turner chose to move for summary relief without having the supporting evidence to warrant dismissal of the plaintiff's claim. There is no argument that the existence of witnesses to support Turner's claim was somehow unknown to it, or that documentary evidence that was otherwise unavailable was belatedly revealed. Turner must reasonably justify failing to present such facts on the prior motion (Am. Audio Serv. Bureau Inc., at 476). Deciding to make an early motion for summary judgment before the completion of discovery does not constitute a reasonable justification (Shapiro, at 753 [claimants failed to provide the court with any reason as to why the affidavit of a professional engineer had not been presented at the time of the original application]).
Accordingly, it is hereby
ORDERED that the motion of defendant Turner for leave to renew its motion for summary judgment is denied.
DATE June 9, 2025
ROBERT R. REED, J.S.C.