| |
|:---:|
| **Germosen v Hubbard** |
| 2025 NY Slip Op 33032(U) |
| August 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 805450/2017 |
| Judge: Judith N. McMahon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JUDITH N. MCMAHON**  PART  **30M**

Justice

-----------------------------------------------------------------X

YESENIA GERMOSEN, NELSON THEN

Plaintiff,

- v -

CHRISTOPHER HUBBARD, MOUNT SINAI BETH ISRAEL,

Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805450/2017 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 006 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 95, 96, 97, 98 were read on this motion to/for      ATTORNEY - DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 99, 100 were read on this motion to/for      REARGUMENT/RECONSIDERATION .

Upon the foregoing documents, it is ordered that plaintiffs' motion for leave to reargue this Court's July 7, 2025, decision denying the Redmond Law Firm PLLC's (hereinafter "Redmond") "renewed" Order to Show Cause (Mot. Seq. No. **006**) to withdraw as counsel for plaintiffs (Mot. Seq. No. **007**) is denied.

In a third attempt to be relieved as counsel---and with jury selection scheduled on September 18, 2025, in this eight-year-old case---Redmond maintains that this Court "overlooked material facts, misapprehended controlling legal principles, and failed to consider significant ethical considerations in its denial of the renewed Order to Show Cause dated July 7, 2025" (*see* NYSCEF Doc. No. 100, para. 3).

The chronology relating to Redmond's motion practice to withdraw as plaintiffs' counsel (*i.e.*, Mot. Seq. Nos. **003 through 007**) is as follows:

805450/2017  GERMOSEN, YESENIA vs. HUBBARD, M.D., CHRISTOPHER Motion No.  006 007

Page 1 of 5

[* 1]

After oral argument on **February 3, 2025**, this Court denied Redmond's initial Order to Show Cause (Mot. Seq. No. **003**)[1] (*see* NYSCEF Doc. No. 76) to withdraw as plaintiffs' counsel, based on several factors, including the impending February 10, 2025, trial date. That Order to Show Cause was made on the grounds, *inter alia*, that the attorney-client relationship had deteriorated by way of "irreconcilable views regarding the prosecution of the action"; "plaintiff's improper behavior toward counsel," and "plaintiff's failure to properly cooperate with Redmond Law Firm PLLC" (*see* NYSCEF Doc. No. 67, para. 2).

On **February 5, 2025**, Redmond e-filed correspondence to Hon. Suzanne J. Adams, (presiding in Part 40/trial assignment part) requesting "that this case be marked off the trial calendar" since the denial of Motion Seq. No. **003** "has required us to redirect significant time and resources to trial preparation…" (*see* NYSCEF Doc. No. 77).

Also on February 5, 2025, Redmond filed an Order to Show Cause (Mot. Seq. No. **004**) (*see* NYSCEF Doc. No. 78) to mark this case off the trial calendar of February 10, 2025, and to permit plaintiffs to "restore the action…at a later date, upon proper application" once Redmond "has sufficient availability to proceed to trial" (*see* NYSCEF Doc. No. 78).

On **February 6, 2025**, Redmond advised this Court that it wished to withdraw the Order to Show Cause (**004**) marking this case off the trial calendar. Accordingly, this Court issued a short form order directing the Clerk to mark Mot. Seq. No. **004** as "**withdrawn**" (*see* NYSCEF Doc. No. 83).

On **February 7, 2025**, Redmond moved by Order to Show Cause (Mot. Seq. No. **005**), this time in Part 40, for an order "requesting the trial scheduled for February 10, 2025, to be

---

[1]     Redmond's first application to be relieved cited, *inter alia*, "irreconcilable views concerning prosecution of this action" and "improper behavior towards counsel" (*see* NYSCEF Doc. No. 67, para. 2).

805450/2017  GERMOSEN, YESENIA vs. HUBBARD, M.D., CHRISTOPHER
Motion No. 006 007

Page 2 of 5

2 of 5

[* 2]

marked off the calendar" based on the "extensive demands [for preparation] of a trial[2] which had concluded on February 5, 2025" (*see* NYSCEF Doc. No. 85; paragraphs 1-3). Mot. Seq. No. **005,** signed by Hon. Suzanne Adams, was made returnable in Part 40 on **February 10, 2025** (*see* NYSCEF Doc. No. 89).

On **February 10, 2025**, the Hon. Adam Silvera, who was on that date presiding in Part 40, rendered a decision and order denying Mot. Seq. No. **005** and scheduling a Part 40 conference for February 27, 2025 (*see* NYSCEF Doc. No. 91).

On **July 3, 2025**, Redmond filed a "renewed motion" before this Court, by Order to Show Cause (Mot. Seq. No. **006)** to be relieved as counsel for plaintiffs, and to stay litigation for at least sixty days (*see* NYSCEF Doc. No. 95), noting that the requested relief was being made "well in advance of the September 2025 trial date" (*id.* para. 2). This Court declined to sign Redmond's second Order to Show Cause to be relieved as counsel---since that very relief on the very same grounds was previously denied in Mot. Seq. No. **003**---and noted: "**This OSC is denied as on 2/3/25 this Court already denied the application by The Redmond Law Firm to withdraw** (*see* doc. # 76 NYSCEF)" (*see* NYSCEF Doc. No. 98).

Not to be deterred by two prior court orders denying its application to withdraw from representing plaintiffs on the eve of trial, Redmond now moves by Notice of Motion dated **July 21, 2025,** for leave to reargue this Court's denial of its "renewed" Order to Show Cause (Mot. Seq. No. 006) to withdraw, on the grounds that this Court "overlooked material facts regarding materially changed circumstances and timing concerns, misapprehended controlling legal principes regarding mandatory ethical withdrawal under Rule 1:16, and failed to consider the

---

[2]     This was the trial of an unrelated matter.

805450/2017  GERMOSEN, YESENIA vs. HUBBARD, M.D., CHRISTOPHER
Motion No.  006 007

Page 3 of 5

3 of 5

[* 3]

need for an *in camera* proceeding to protect attorney-client privilege" (*see* NYSCEF Doc. No. 99). As previously indicated, the motion is denied.

A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing "that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision" (*Schneider v Solowey*, 141 AD2d 813 [2d Dept. 1988]). Re-argument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided (*Pro Brokerage, Inc. v Home Insurance Co.*, 99 AD2d 971 [1st Dept. 1984]), or to present arguments different from those originally asserted (*Foley v Roche*, 68 AD2d 558 [1st Dept. 1979]). A motion to renew under CPLR 2221 is intended to draw the court's attention to new or additional facts which, although in existence at the time of the original motion, were unknown to the party seeking renewal and therefore not brought to the court's attention (*Beiny v Wynward*, 132 AD2d 190 [1st Dept. 1987]; *appeal dismissed*, 71 NY2d 994).

Here, Redmond's first Order to Show Cause to withdraw as counsel (**003**) was grounded on the same factors as his second Order to Show Cause (**006**), and on the same factors as the current Motion to Reargue (**007**), *i.e.,* "irreconcilable views" between attorney and client/consideration of Rule 1:16 of the Rules of Professional Conduct.

This Court's on the record denial of **003** contemplated more than just the impending trial date of February 10, 2025. Redmond's "renewal" Order to Show Cause to withdraw, **006**, which this Court effectively denied by refusing to sign it, was made on the same grounds (*i.e.,* "the attorney-client relationship has deteriorated and adversely impacted the relationship among the parties" (*see* NYSCEF Doc. No. 96, para. 3). No new facts were presented warranting renewal of 003 five months after its denial on February 5, 2025.

[* 4]

Accordingly, since Mot. Seq. No. **006** was devoid of "new or additional facts which, although in existence at the time of the original motion, were not made known to the party seeking renewal, and therefore, were not known to the court" (*see Matter of Shapiro v State of New York*, 259 AD2d 753[2d Dept. 1999]), the "renewal" Order to Show Cause was correctly denied. Additionally, this Court did not overlook or misapprehend facts or law to warrant re-argument of denial of the July 7, 2025, Order to Show Cause. It is therefore

ORDERED that Mot. Seq. No. 006 is denied; and it is further

ORDERED that Mot. Seq. No. 007 is denied; and it is further

ORDERED that the parties appear as previously instructed in Part 40 on September 18, 2025, to commence jury selection.

_____8/6/2025_____
DATE

JUDITH N. MCMAHON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

HON. JUDITH McMAHON
J.S.C.

805450/2017 GERMOSEN, YESENIA vs. HUBBARD, M.D., CHRISTOPHER Page 5 of 5
Motion No. 006 007

5 of 5