J. Irwin Shapiro, J.
Plaintiff applies for an order “ continuing the injunctive provisions contained in Mr. Justice Hogan’s order dated February 4th, 1959 as modified by his said order dated March 6th, 1959 and entered herein March 9th, 1959, or in the alternative, in the discretion of this court, granting an injunction pending any appeal from the said Order of the Appellate Division reversing or vacating the injunctive provisions contained in Mr. Justice Hogan’s order of February 4, 1959 as modified by his order entered March 9th, 1959 and denying *900 defendants’ cross-motion to dismiss the complaint, and pending the appeal from said Appellate Division’s Order of April 20th, 1959 reversing the said order of Mr. Justice Bernard Meyer, taken by the plaintiff to the Court of Appeals, by Notice of Appeal filed and served April 27th, 1959 on said respondents together with the necessary undertaking on appeal with notice of filing enjoining said defendants and each of them, respectively, as Commissioner of Elections of the County of Suffolk, New York, County Auditor of said County, and as County Treasurer of said County, from making, certifying, auditing or approving any payroll submitted by the Board of Elections of the County of Suffolk that contains the name of said Arthur M. Weiss for payment to him of salary and/or expenses as one of the purported Commissioners of Elections of Suffolk County, New York, and enjoining said defendants as aforesaid from paying to the said Arthur M. Weiss any salary and/or expenses as the purported Democratic Commissioner of Elections of said Suffolk County, New York.”
The order of Mr. Justice Hogan entered on March 9, 1959 which continued the injunctive feature of his order dated February 4, 1959, was modified by the Appellate Division {Ahern v. McNab, 7 A D 2d 546). It said (p. 549): “ The order entered March 9, 1959 should be modified so as to vacate the injunctive provisions of the order entered February 4, 1959 in their entirety and, as so modified, should be affirmed, without costs.”
The briefs submitted to this court show clearly that defendants in the Appellate Division argued for the vacating of the restraining order and for permission to pay Weiss. The Appellate Division granted the relief insofar as Weiss is concerned.
Whatever the ultimate decision on the merits may be in the Court of Appeals, where the matter is now under consideration, this court has no power to sit as an appellate court and review the actions of the Appellate Division.
Plaintiff’s proper practice, if he desired to continue all or any part of the injunctive provisions of the order of Mr. Justice Hogan, dated February 4, 1959, was to apply for such relief either to the Appellate Division or to the Court of Appeals. {United States Tit. Guar. Co. v. Brown, 158 App. Div. 542; Civ. Prac. Act, § 880.)
The application is denied in its entirety.