**Singh v Ray**

2024 NY Slip Op 34339(U)

December 11, 2024

Supreme Court, New York County

Docket Number: Index No. 151505/2021

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**        PART        **22M**

*Justice*

-------------------------------------------------------------------X

MANDEEP SINGH, NEVIDITA SINGH,

            Plaintiffs,

- v -

TIMOTHY J. RAY, PRIME COAT PAINTING, INC., KYLE
MEYERS, TERMINIX INTERNATIONAL, INC., ARI FLEET
LT,

            Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151505/2021 |
| MOTION DATE | 10/13/2023 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 186, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202

were read on this motion to/for        JUDGMENT - SUMMARY        .

Defendants Kyle Meyers, Terminix International, Inc., and Ari Fleet LT (collectively, the Terminix Defendants) move for summary judgment, pursuant to CPLR 3212, on the issue of their liability.[1] Plaintiffs Mandeep Singh and Nevidita Singh oppose and cross-move for sanctions under the Rules of the Chief Administrator of the Courts (22 NYCRR) 130-1.1 because summary judgment was previously granted to plaintiffs on liability for all defendants. The Terminix Defendants oppose and reply, and plaintiffs reply.[2] For the reasons below, the Terminix Defendants' motion for summary judgment is denied, and plaintiffs' cross-motion for sanctions is denied.

## PROCEDURAL HISTORY

On February 11, 2021, plaintiffs commenced this action by filing a summons and complaint against defendants (NYSCEF Doc No. [Doc.] 1 [summons and complaint]). The complaint alleges, *inter alia*, that defendants caused plaintiffs' injuries due to the negligent operation of their vehicles by colliding with plaintiffs' vehicle (*id.*).

---

[1] Defendants Timothy J. Ray and Prime Coat Painting, Inc. did not put forth papers regarding this summary judgment motion.

[2] The court does not consider plaintiffs' reply in support of their cross-motion, as a cross-movant is not entitled to a reply and plaintiffs have not sought or been granted leave to file a reply (*see* CPLR 2215; 22 NYCRR 202.8-c).

On March 17, 2021, defendants Timothy J. Ray (Ray) and Prime Coat Painting, Inc. (Prime Coat) filed their answer denying the allegations, asserting a counter-claim against Mandeep Singh, and asserting a cross-claim against the Terminix Defendants (Doc. 8 [answer]). On April 28, 2021, the Terminix Defendants filed their answer (Doc. 25 [Terminix Defendants answer]). Their answer denied the allegations, raised six affirmative defenses, and asserted a cross-claim against Ray and Prime Coat and a counter-claim against Mandeep Singh.

On July 21, 2021, plaintiffs moved for summary judgment on the issue of liability against all defendants (Docs. 52-64). On August 9, 2021, plaintiff Mandeep Singh cross-moved for summary judgment seeking a declaration that he was not liable for the collision (Docs. 68-76). On September 9, 2021, the Terminix Defendants submitted their opposition to plaintiffs' motion and Mandeep Singh's cross-motion for summary judgment (Docs. 79-89).

On January 20, 2022, the court granted plaintiffs' summary judgment motion, finding all named defendants liable for the collision since the court determined that plaintiffs' vehicle was stopped at the time of the accident (Doc. 182 [Terminix Defendants' exhibit H], court order). The court held that the arguments offered by defendants Meyers and Terminix did not "provide a non-negligent explanation sufficient to avoid summary judgment on liability" (*id.*). The court stated that the defendants had "a duty to maintain a safe distance between their vehicle and the Plaintiff's vehicle, and have failed to rebut the presumption of negligence arising from the rear end collision" (*id.*). Further, the court also granted Mandeep Singh's cross-motion dismissing defendants' counterclaim finding that he has no liability, "[r]egardless of defendants' claim as to whether the second collision was caused by co-defendant Ray or co-defendant Meyers" (*id.*).

On April 17, 2023, plaintiffs were deposed (Doc. 180 [Terminix Defendants' exhibit F, Mandeep Singh deposition]; Doc. 181 [Terminix Defendants' exhibit G, Nevidita Singh deposition]). On April 24, 2023, Meyers and Ray were deposed (Doc. 178 [Terminix Defendants' exhibit D, Meyers deposition]; Doc. 179 [Terminix Defendants' exhibit E, Ray deposition]).

On August 17, 2023, plaintiffs filed a note of issue (Doc. 172). The Terminix Defendants subsequently moved for summary judgment on the issue of their liability.

<em>Contentions</em>

The Terminix Defendants move for summary judgment arguing, *inter alia*, that they have a non-negligent reason to relieve them from liability (Doc. 174 [Terminix Defendants' affirmation in support of summary judgment]). The Terminix Defendants acknowledge that the court granted

**151505/2021 SINGH, MANDEEP vs. RAY, TIMOTHY J.**
**Motion No. 007**

Page 2 of 6

[* 2]

plaintiffs' initial summary judgment motion finding all defendants liable but contend that the court's order made no decision whether Ray, Meyers, or both caused the collision (*id.*). They assert that testimony from the parties reveal that the Terminix truck driven by Meyers was stopped when the accident happened and was pushed forward into plaintiffs' vehicle when the box truck driven by Ray rear-ended him (*id.*). The Terminix Defendants also argue that the plaintiffs' testimony did not refute Meyers's claim that his vehicle was stopped and reveals that plaintiffs did not see defendants' vehicles behind them before the accident (*id.*). Rather, they point to testimony where Mandeep Singh stated that both he and Meyers were rear-ended and Ray stated that he looked away from the road before colliding with Meyers (*id.*).

In opposition, plaintiffs' cross-move seeking sanctions (Doc. 188 [plaintiffs' affirmation in opp to summary judgment]). Plaintiffs assert that the summary judgment motion is frivolous and barred by the law of the case because the court already granted plaintiffs' summary judgment motion finding all named defendants liable (*id.*). Plaintiffs argue that the Terminix Defendants' motion is nearly identical to their opposition from plaintiffs' summary judgment motion (*id.*). They contend that the parties' deposition testimony reflects the same information that was in their affidavits provided in connection with plaintiffs' summary judgment motion (*id.*).

In reply, the Terminix Defendants argue that their motion is proper. They assert that the court's prior order does not prevent them from moving for summary judgment on the issue of their liability apart from defendants Ray and Prime Coat (Doc. 201 [Terminix Defendants' reply]). The Terminix Defendants contend that depositions of the parties reveal new evidence that was not available in their opposition, which is an exception to the law of the case doctrine (*id.*). Specifically, they argue that the depositions show that plaintiffs did not see the Terminix truck before the collision and plaintiffs do not know the series of events that led to the impacts (*id.*). They also contend that the rule against multiple summary judgment motions is inapplicable because this is the first time the Terminix Defendants are the movants seeking a determination on their liability, whereas the rule is designed to prevent a single party from relitigating issues on different grounds that were already adjudicated in a prior unsuccessful motion (*id.*). They also argue that sanctions are not warranted because their motion puts forth different arguments and is based on new evidence that was unavailable prior to deposition testimony of the parties (*id.*).

151505/2021   SINGH, MANDEEP vs. RAY, TIMOTHY J.
Motion No. 007

Page 3 of 6

3 of 6

## LEGAL STANDARD

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Without a *prima facie* showing, the motion must be denied regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The moving party has a heavy burden as the facts must be viewed in a light most favorable to the non-moving party (*William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]). If the moving party meets their burden, the opposing party must produce evidentiary proof in admissible form that is sufficient to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

## DISCUSSION

### *The Terminix Defendants' Motion For Summary Judgment*

It is well settled that a rear-end collision with a stopped vehicle creates a presumption that the driver of the rear vehicle was negligent (*Somers v Condlin*, 39 AD3d 289, 289 [1st Dept 2007]). Accordingly, the injured occupants in the front vehicle are entitled to summary judgment on liability unless the driver of the rear vehicle provides a non-negligent explanation for the collision (*Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]).

The doctrine of the law of the case prevents parties from relitigating issues at an earlier stage of a proceeding where there was a full and fair opportunity to address an issue (*Aspen Specialty Ins. Co. v RLI Ins. Co.*, Inc., 194 AD3d 206, 212 [1st Dept 2021] [citations omitted]). As a practical matter, the doctrine "applies only to legal determinations resolved on the merits" (*Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005] [citations omitted]). Deposition testimony that is unavailable at the time of a first summary judgment motion should not allow for considering a second motion unless the testimony yields new evidence (*Brown Harris Stevens Westhampton LLC v Gerber*, 107 AD3d 526, 527 [1st Dept 2013]). Thus, the trial court is bound by the prior ruling unless there is a showing of new evidence or a change of law (*id.*; *see also Delgado v City of New York*, 144 AD3d 46, 47 [1st Dept 2016]).

The Terminix Defendants' motion is denied. They acknowledge that the court awarded plaintiffs' summary judgment motion finding all named defendants liable for the collision. Moreover, the arguments advanced by them are nearly identical to those put forth in their

151505/2021  SINGH, MANDEEP vs. RAY, TIMOTHY J.
Motion No. 007

Page 4 of 6

[* 4]

opposition to plaintiffs' initial summary judgment motion. The facts or evidence which the Terminix Defendants reference in deposition testimony are not new but rather the same or similar facts as those from their opposition to plaintiffs' initial summary judgment motion. The Terminix Defendants had a full and fair opportunity to address the issue of liability. The court has already granted plaintiffs' summary judgment motions having already resolved the legal determinations on the merits.

### Plaintiffs' Cross-Motion For Sanctions

"The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" and "may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part" (22 NYCRR 130-1.1[a]). Conduct is frivolous if: "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]). Courts must consider the circumstances under which the conduct occurred and whether the conduct continued when its lack of legal or factual basis was obvious, should have been obvious, or brought to the attention of counsel (*id.*). Sanctions may be appropriate where redundant motions are made on matters that were already decided on the merits (*Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1st Dept 1999]). However, the imposition of sanctions generally involves "a more persistent pattern of repetitive or meritless motions" (*Sarkar v Pathak*, 67 AD3d 606, 607 [1st Dept 2009]). Frivolous conduct resulting from bad judgment rather than bad faith may not necessarily result in harsh sanctions (*Forstman v Arluck*, 149 Misc 2d 929, 941 [Sup Ct, Suffolk County 1991]).

Plaintiffs' cross-motion is denied. The court, in the exercise of its discretion, finds that sanctions are not appropriate under the circumstances and declines to impose them at this time.

WHEREFORE, it is hereby:

ORDERED that Kyle Meyers, Terminix International, Inc., and Ari Fleet LT's motion for summary judgment on liability, pursuant to CPLR 3212, is denied; and it is further

ORDERED that plaintiffs' cross-motion for sanctions, pursuant to 22 NYCRR 130-1.1, is denied; and it is further

151505/2021  SINGH, MANDEEP vs. RAY, TIMOTHY J.
Motion No. 007

Page 5 of 6

5 of 6

ORDERED that, within 20 days from entry of this order, plaintiffs shall serve a copy of this order with notice of entry upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the Decision and Order of the court.

| 12/11/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | JAMES G. CLYNES, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

151505/2021   SINGH, MANDEEP vs. RAY, TIMOTHY J.
Motion No. 007

Page 6 of 6

6 of 6