| Waheed v Barar |
| :---: |
| 2026 NY Slip Op 30689(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 800002/2025 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. JOHN J. KELLEY** | **PART** 56M |
| | *Justice* | |

-------------------------------------------------------------------------------X

SEHRA WAHEED,

               Plaintiff,

        - v -

DR. SONYA BARAR, M.D, THE MOUNT SINAI HEALTH
SYSTEM, INC., THE MOUNT SINAI BETH ISRAEL,
HOSPITAL UNION SQUARE, and BETH ISRAEL
COMPREHENSIVE CANCER CENTER WEST CAMPUS
BE1,

               Defendants.

-------------------------------------------------------------------------------X

**INDEX NO.** 800002/2025

**MOTION DATE** 12/12/2025
01/13/2026
01/13/2026
01/13/2026

**MOTION SEQ. NO.** 005, 006, 007, 008

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 122, 123, 124, 125, 126, 130, 131, 132, 139, 146, 149, 150, 151, 163, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174

were read on this motion to/for                SEAL/REDACT            .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 133, 134, 137, 140, 142, 143, 147, 152, 153, 154, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193

were read on this motion to/for                INQUEST            .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 135, 136, 138, 141, 144, 148, 155, 156, 157, 175, 176, 177, 194, 195, 196, 197, 198

were read on this motion to/for      VACATE - DECISION/ORDER/JUDGMENT/AWARD.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 158, 159, 161, 162, 164, 178, 179, 180, 181, 182, 199, 200, 201, 202, 203

were read on this motion to/for           REFER TO ANOTHER JUDGE       .

        In this action to recover damages for medical malpractice based on alleged departures

from good and accepted practice, lack of informed consent, assault and battery, and negligent

and intentional infliction of emotional distress, the plaintiff moves pursuant to 22 NYCRR

216.1(a) to redact, from all prior orders and written decisions, any language referencing lawsuits

that she had commenced that were unrelated to the instant action, her personal character, or

[* 1]

her litigation history (MOT SEQ 005). The defendants oppose that motion. The plaintiff separately moves to strike the defendants' answer, and thereupon for leave to enter a default judgment against them on the issue of liability (MOT SEQ 006). The defendants oppose that motion, and cross-move pursuant to 22 NYCRR 130-1.1(a) for the imposition of sanctions upon the plaintiff for alleged frivolous litigation conduct, and to prohibit her from making any additional frivolous motions in connection with the dispute underlying this action. The plaintiff opposes the cross motion. In addition, the plaintiff moves pursuant to CPLR 2221(a), 5015(a), 5019, and 5525, among other things, to (a) vacate this court's three September 15, 2025 orders, respectively granting the defendants' motion to dismiss the complaint as time-barred, denying her motion to disqualify the defendants' counsel from representing them, and denying, as academic, her motion for leave to serve and file an amended complaint, (b) correct the record of documents in this action that have been uploaded to the New York State Court Electronic Filing (NYSCEF) system, (c) settle a transcript of proceedings, and (d) afford her accommodations pursuant to the Americans With Disabilities Act (42 USC §§ 12131, *et seq*.; hereinafter the ADA) (MOT SEQ 007). The defendants oppose that motion. Moreover, the plaintiff additionally moves for the recusal of this court, and the reassignment of this action to another justice (MOT SEQ 008). The defendants oppose that motion as well. The plaintiffs' motions under Motion Sequences 005, 006, 007, and 008 are denied. The defendants' cross motion under Motion Sequence 006 is granted only to the extent that the plaintiff is prohibited from making any further motions or applications to this court concerning the instant dispute without prior written approval of the court, and the cross motion is otherwise denied.

As the court explained in its November 26, 2025 order denying the plaintiff's motion under Motion Sequence 004 to seal certain docket entries in this action, "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]), and that, although the public's right to access is not absolute (*see Danco Labs. v Chemical Works of Gedeon Richter, Ltd*., 274

800002/2025   WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL
  Motion No.  005 006 007 008

Page 2 of 11

2 of 11

AD2d 1, 6 [1st Dept. 2000]), "[t]he presumption of the benefit of public access to court proceedings takes precedence, and sealing of court papers is permitted only to serve compelling objectives, such as when the need for secrecy outweighs the public's right to access" (*Applehead Pictures, LLC v Perelman*, 80 AD3d 181, 191 [1st Dept 2010]; *see Matter of East 51st St. Crane Collapse Litig.*, 106 AD3d 473, 474 [1st Dept 2013]; *Danco Labs. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d at 6; *see also Schulte Roth & Zabel, LLP v Kassover*, 80 AD3d 500, 501-502 [1st Dept 2011]).  As the court further explained, neither a party's embarrassment nor a general desire for privacy is sufficient, of itself, to establish good cause for sealing a court file (*see Matter of Holmes v Winter*, 110 AD3d 134, 138 [1st Dept 2013], *revd other grounds* 22 NY3d 300 [2013]; *Mosallem v Berenson*, 76 AD3d at 351; *Liapakis v Sullivan*, 290 AD2d 393, 394 [1st Dept 2002]; *Matter of Benkert*, 288 AD2d 247, 247 [1st Dept 2001]; *Matter of Hofmann*, 284 AD2d 92, 93 [1st Dept 2001]).  For the same reasons underpinning that determination, the court concludes that statements in those orders concerning the plaintiff's litigation history, even if somehow embarrassing to her, are not the type of statements for which sealing or redaction would be warranted, and that they were relevant to the disposition of the motions in any event because she raised them herself the papers that she submitted in opposition to the dismissal motion, rather than addressing the statute of limitations issue.  Moreover those determinations included no statements impugning the plaintiff's personal character.  Hence, the plaintiff's motion pending under Motion Sequence 005 must be denied.

The court concludes that the plaintiff has advanced no plausible basis for the striking of any answer, since the defendants never served and filed an answer, but instead made a pre-answer to dismiss the complaint.  Nor were they in default of any deadline or other obligation to serve and file papers.  To the extent that she wishes to proceed to an inquest, the plaintiff has urged upon the court no colorable argument that the defendants, by their litigation conduct, should be sanctioned in this manner.  Consequently, the plaintiff's motion pending under Motion Sequence 006 must be denied.

800002/2025   WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL
Motion No.  005 006 007 008

Page 3 of 11

The court further concludes that the plaintiff's conduct in making the instant motions does not rise to the level of frivolousness that is required for the imposition of a monetary sanction of costs or attorney's fees pursuant 22 NYCRR 130-1.1(a). Hence, that branch of the defendants' cross motion seeking the imposition of monetary sanctions upon the plaintiff must be denied.

The relevant court rule provides that

> "[t]he court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" and "may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct [*9] as defined in this Part"

(22 NYCRR 130-1.1[a]). Conduct is frivolous if:

> "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false"

(22 NYCRR 130-1.1[c]). Courts must consider the circumstances under which the conduct occurred and whether the conduct continued when its lack of legal or factual basis was obvious, should have been obvious, or brought to the attention of counsel (*id*.). Sanctions may be appropriate where redundant motions are made on matters that were already decided on the merits (*Levy v Carol Mgt. Corp*., 260 AD2d 27, 34 [1st Dept 1999]; *Singh v Ray*, 2024 NY Slip Op 34339[U], *5, 2024 NY Misc LEXIS 25063, *9 [Sup Ct, N.Y. County, Dec. 11, 2024]). However, the imposition of sanctions generally involves "a more persistent pattern of repetitive or meritless motions" (*Sarkar v Pathak*, 67 AD3d 606, 607 [1st Dept 2009]). Frivolous conduct resulting from bad judgment rather than bad faith may not necessarily result in harsh sanctions (*Singh v Ray*, 2024 NY Slip Op 34339[U], *5, 2024 NY Misc LEXIS 25063, *9; *Forstman v Arluck*, 149 Misc 2d 929, 941 [Sup Ct, Suffolk County 1991]). The court notes, moreover, that, on November 20, 2025, the plaintiff made the motion pending under Motion Sequence 007,

800002/2025  WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL
Motion No.  005 006 007 008

Page 4 of 11

which, in effect, sought reconsideration of the defendants' motion to dismiss, while the defendants made the instant cross motion on January 26, 2026 and, thus, while that other motion was pending. Although a party may cross-move for the imposition of sanctions in opposition to a motion for leave to reargue (*see Good Old Days Tavern, Inc. v Zwirn*, 261 AD2d 288, 298 [1st Dept 1999]), sanctions are not warranted here, as the defendants have not established that the branch of the plaintiff's motion under Motion Sequence 007 which sought vacatur or reconsideration of the dismissal motion, which is discussed below, was frivolous within the meaning 22 NYCRR 130-1.1 (*see 805 Third N.Y. v Flamholz*, 2022 NY Misc LEXIS 11401, *1-2 [Sup Ct, N.Y. County, May 26, 2022] [Kelley, J.]). The court further concludes that, while the relief sought pursuant to the instant motions may be non-meritorious, they do not fall within the ambit of frivolous applications at this juncture, and that the imposition of monetary sanctions upon the plaintiff would be inappropriate here.

There is no merit to that branch of the plaintiff's motion pending under Motion Sequence 007 which seeks to vacate this court's prior orders. To the extent that this request is actually one for leave to reargue her opposition to the defendants' motion to dismiss, or to reargue her motions to disqualify counsel, for leave to serve and file an amended complaint, and to seal certain docket entries in the case file, the Appellate Division, First Department, has explained:

> "[a] motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing 'that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision'"

(*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992], quoting *Schneider v Solowey*, 141 AD2d 813, 813 [2d Dept 1988]; *see Matter of Setters v Al Props. & Devs. (USA) Corp.*, 139 AD3d 492, 4492 [1st Dept 2016]). A motion for leave to reargue "'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented'" (*Ul Haque v Daddazio*, 84 AD3d 940, 942 [2d Dept 2011], quoting *Mazinov v Rella*, 79 AD3d 979, 980 [2d

800002/2025   WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL
Motion No.  005 006 007 008

Page 5 of 11

Dept 2010], quoting, in turn, *McGill v Goldman*, 261 AD2d 593, 594 [2d Dept 1999]; *see Pro Brokerage, Inc. v Home Ins. Co.*, 99 AD2d 971, 971 [1st Dept 1984]; *Foley v Roche*, 68 AD2d 558, 567 [1st Dept 1979]; *Merrill Lynch Intl. Fin., Inc. v Donaldson*, 27 Misc 3d 391, 398 [Sup Ct, N.Y. County 2010]). The court concludes that it did not overlook or misapprehend any facts or law presented to it in connection with any of those motions. To the extent that this branch of the motion sought renewal, leave to renew must be denied as well. CPLR 2221(e) provides that

> "A motion for leave to renew:
>
> "1. shall be identified specifically as such;
>
> "2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
>
> "3. shall contain reasonable justification for the failure to present such facts on the prior motion"

(*see Melcher v Apollo Med. Fund Mgt., LLC,* 105 AD3d 15, 23 [1st Dept 2013]; *American Audio Serv. Bur. Inc. v. AT & T Corp.*, 33 AD3d 473, 476 [1st Dept 2006]). The plaintiff has presented no new facts to the court in connection with the prior motions, and points to no change of law that would require different outcomes with respect to any of those motions. The plaintiff has articulated no other colorable ground, either equitable or legal, for the vacatur of any of the orders determining those motions, as she has not satisfied any of the grounds for vacatur enumerated in CPLR 5015(a), and has made no showing that these orders should be vacated pursuant to the court's discretionary, general interest-of-justice jurisdiction (*see Astraea NYNY LLC v Ganley*, 214 AD3d 528, 529 [1st Dept 2023]; *see generally Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

Moreover, the court discerns no mistakes, defects, or irregularities in the orders that it had previously issued that would require correction pursuant to CPLR 5019(a), and, hence, there is no basis for the plaintiff's request that the court "correct" the record. Additionally, no transcripts of proceedings have been generated, inasmuch as there have been no proceedings

800002/2025   WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL
Motion No.  005 006 007 008

Page 6 of 11

[* 6]

at which testimony has been taken. Therefore, there is no basis for the plaintiff's request that the court "settle" a transcript pursuant to CPLR 5525 for the purpose of appellate review. Furthermore, since there have been no personal appearances in this action, and the court considers all motions on papers only, without oral argument, as it is permitted to do (*see Niagara Venture v Niagara Falls Urban Renewal Agency*, 56 AD3d 1150, 1150 [4th Dept 2008]; *see also* 22 NYCRR 202.8[d] [oral argument is at the discretion of judge]; *Forest Hills Gardens Corp. v Kamp*, 171 Misc 2d 334 [App Term, 2d & 11th Jud Dists 1997]; *Mingla v City of New York*, 2014 NY Slip Op 30162[U], *16 [Sup Ct, N.Y. County, Jan. 15, 2015] [Stallman, J.]), the court apprehends no situation in which it would have needed to afford the plaintiff any particular accommodations under the ADA in connection with her alleged disability. Consequently, the entirety of the plaintiff's motion pending under Motion Sequence 007 must be denied.

Since the action has been disposed, the plaintiff's motion under Motion Sequence 008, seeking recusal of this court, must be denied as academic. In any event, the plaintiff has articulated no grounds requiring disqualification as a matter of law under Judiciary Law § 14. Rather, she has asserted, in effect, that, in light of this court's issuance of several prior determinations that were adverse to her, it should recuse from the action because it is biased against her. It is well settled that "[a]bsent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People of State of N.Y. v Grasso*, 49 AD3d 303, 306 [1st Dept 2008], quoting *People v Moreno*, 70 NY2d 403, 405 [1987]; *see Matter of Alizia McK.*, 25 AD3d 429, 430 [1st Dept 2006]; *Best v Best*, 302 AD2d 295, 295 [1st Dept 2003]). The court recognizes that Rule 100.3(B)(4) of the Rules Governing Judicial Conduct (22 NYCRR 100.3[B][4]) provides that "[a] judge shall perform judicial duties without bias or prejudice against or in favor of any person." In addition, 22 NYCRR 100.3(E)(1)(a)(1) provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . the judge has a personal bias or prejudice concerning a party." The court discerns no basis for recusal on those

800002/2025 WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL
Motion No. 005 006 007 008

Page 7 of 11

7 of 11

grounds, as there is nothing in the parties' submissions indicating that the court cannot be impartial in this matter, or that it had a personal bias or prejudice towards any of the parties. "'[B]ias or prejudice which can be urged against a judge must be based upon something other than rulings in the case'" (*People v Glynn*, 21 NY3d 614, 618 [2013], quoting *Berger v United States*, 255 US 22 [1921]). "Adverse decisions have never been a basis for recusal" (*People of State of N.Y. v Grasso*, 13 Misc 3d 1214[A], 2006 NY Slip Op 51823[U], *3 [Sup Ct, N.Y. County, Sep. 14, 2006], *affd* 49 AD3d 303 [1st Dept 2008]). Hence, motions for recusal may not granted solely based upon adverse rulings against a party (*see Matter of Petkovsek v Snyder*, 251 AD2d 1086, 1086 [4th Dept 1998]). Rather, there must be demonstrable proof of bias to warrant a recusal (*see Modica v Modica*, 15 AD3d 635, 636 [2d Dept 2005]). Inasmuch as such proof is lacking here, the court concludes that recusal is not warranted, and the motion seeking that relief must be denied.

The court notes that, in connection with the plaintiff's appeals from this court's three September 16, 2025 orders, respectively determining motions designated as Motion Sequences 001, 002, and 003, the Appellate Division, First Department, in an order dated January 22, 2026, denied the plaintiff's motion to vacate the October 1, 2025 judgment of dismissal that had been entered upon the first of those orders, to strike the defendants' answers, to issue a default judgment, to conduct a damages inquest, to impose sanctions, to stay all eviction proceedings in an unrelated landlord-tenant matter, and to seal all confidential medical records (*see Waheed v Barar*, 2026 NY Slip Op 60999[U] [1st Dept, Jan. 22, 2026]). In an order dated January 27, 2026, the Appellate Division denied the plaintiff's separate motion to vacate the three September 16, 2025 orders, to vacate all orders entered by this court, to grant a default judgment against defendants, to sanction defendants' counsel, to remand the action to a different Justice of the Supreme Court, to direct the Clerk to conduct a full audit of the NYSCEF docket, to seal all confidential medical records, to supplement the appellate record to include answers from defendants in different actions, and to afford her ADA accommodations (*see*

*Waheed v Barar*, 2026 NY Slip Op 61366[U] [1st Dept, Jan. 27, 2026]).[1] "[T]his court has no power to sit as an appellate court and review the actions of the Appellate Division" (*Ahern v McNab*, 18 Misc 2d 899, 900 [Sup Ct, Queens County 1959]). Inasmuch as the Appellate Division already has denied the plaintiff the relief that she is now seeking in the motions pending under Motion Sequences 005, 006, and 008, as well as the relief she now seeks in those branches of her motion pending under Motion Sequence 007 which seek to correct alleged ministerial errors in this court's prior orders and afford her ADA accommodations, those motions and those branches of the motion pending under Motion Sequence 007 must be denied for that additional reason.

The court, however, grants that branch of the defendants' cross motion pending under Motion Sequence 006 which was to prohibit and enjoin the plaintiff from making additional motions before this court in this action, or from commencing any new action against them based on the same facts, without express prior written approval of this court. "[P]ublic policy mandates free access to the courts" (*Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 [1975]). Nonetheless, in an appropriate case, a court may enjoin a party from continuing to litigate certain claims without prior approval of the court "to prevent use of the judicial system as a vehicle for harassment, ill will and spite" (*Matter of Sud v Sud*, 227 AD2d 319, 319 [1st Dept 1996]; *see Svatovic v Shabot,* 226 AD3d 608, 609 [1st Dept 2024]; *Komolov v Segal*, 96 AD3d 513, 514 [1st Dept 2012]). This action already has been disposed of at the trial court level. All of the substantive, procedural, and administrative requests that the plaintiff has made to this court in this action have been denied on the merits, the court's reasoning has been explained in detail, and the action has been dismissed. As explained above, moreover, the court has declined to reconsider its prior determinations. Hence, any further motions or applications made

---

[1] In that order, the Appellate Division also denied the defendants' cross motion for the imposition of monetary sanctions upon the plaintiff and to enjoin her from making further motions before that Court.

**800002/2025   WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL**
**Motion No.  005 006 007 008**

by the plaintiff to this court that are addressed to the issues already determined by this court, or any further actions commenced against the defendants premised upon the facts underlying this action, would, by their very nature, suggest that the plaintiff had no basis in law or in fact for filing them (*see Rondeau v Houston*, 224 AD3d 616, 616-617 [1st Dept 2024]). Consequently, she is enjoined from making or filing any additional motions or applications in this court in this action without express prior written approval of this court. Inasmuch as the Appellate Division declined to enjoin the plaintiff from making additional motions before that Court, this court is constrained to limit its injunction to future motions that may be made to this court.

The plaintiff's remaining contentions are without merit.

Accordingly, it is,

ORDERED that the plaintiff's motion pending under Motion Sequence 005 is denied; and it is further,

ORDERED that the plaintiff's motion pending under Motion Sequence 006 is denied; and it is further,

ORDERED that the defendants' cross motion pending under Motion Sequence 006 is granted only to the extent that the plaintiff is enjoined and prohibited from making any further motions or applications to this court in this action, or from commencing any new action against the defendants in any court of competent jurisdiction that is premised upon the facts underlying this action, unless she obtains prior express written approval of this court to do so, this injunction shall not extend to any filings or motions that may be made in the Appellate Division or the Court of Appeals, and the cross motion is otherwise denied; and it is further,

ORDERED that the plaintiff's motion pending under Motion Sequence 007 is denied; and it is further,

ORDERED that the plaintiff's motion pending under Motion Sequence 008 is denied.

800002/2025   WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL
Motion No.  005 006 007 008

Page 10 of 11

10 of 11

This constitutes the Decision and Order of the court.

<u>2/25/2026</u>
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| MOTION 005: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 006: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION 006: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 007: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 008: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**800002/2025   WAHEED, SEHRA vs. DR. SONYA BARAR, M.D ET AL**
**Motion No.  005 006 007 008**

Page 11 of 11

11 of 11

[* 11]